

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00292-CV

_____

EARL STEWART, RAYFORD ROCHON, CEDRIC DORSEY SR., ADRIAN DORSEY, D/B/A TCU PEE WEE YOUTH FOOTBALL ASSOCIATION, D/B/A TCU SPORTS ASSOCIATION, D/B/A TCU PEE WEE FOOTBALL ASSOCIATION, AND NORTH TEXAS PEE WEE YOUTH LEAGUE, Appellants

V.

CHARLES DOUGLAS, ON BEHALF OF TCU PEE WEE YOUTH ASSOCIATION, INC., Appellee

_____

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-304998-18

_____

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellants Earl Stewart, Rayford Rochon, Cedric Dorsey Sr., Adrian Dorsey, d/b/a TCU Pee Wee Youth Football Association, d/b/a TCU Sports Association, d/b/a TCU Pee Wee Football Association, and North Texas Pee Wee Youth League (collectively, the Coaches) attempt to bring an interlocutory appeal from the alleged denial of their motion to dismiss under the Texas Citizens Participation Act (TCPA).[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .008(a), § 51.014(a)(12). The trial court never signed an order denying the motion, but the Coaches filed their notice of appeal taking the position that their motion had been denied by operation of law. *See id.* § 27.008(a). We conclude that it was not.

The Coaches obtained a hearing setting on their Section 27.003 motion, and at that hearing, the trial court orally denied the motion before Appellee Charles Douglas, on behalf of the TCU Pee Wee Youth Association, Inc. (Douglas), had an opportunity to present his response. But during that same setting, the trial court withdrew its ruling, ordered the parties to mediation, recessed the hearing, and ordered the hearing to be reconvened at a later time. Because the record does not reflect that the Coaches ever obtained a date on which to reconvene the hearing, the

---

[1]The 2019 amendments to the TCPA do not apply to this lawsuit, which was filed before the effective date of the amendments. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12 2019 Tex. Gen. Laws 684, 687 (amendments to TCPA apply "only to an action filed on or after" September 1, 2019). All references to the statute in this opinion are to the version in effect prior to the 2019 amendments.

hearing was never concluded, and the trial court's thirty-day deadline to rule on the motion under TCPA Section 27.005(a) was never triggered. Thus, the Coaches' Section 27.003 motion is not deemed overruled by operation of law, and there is no order from which the Coaches may appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

## I. BACKGROUND

This dispute concerns an organization that manages youth football teams. Douglas filed this suit against the Coaches; the Coaches consist of former coaches in Douglas's youth association and the league within which Douglas's organization operated. Douglas alleged that the former coaches left his organization to operate a new association that used a name that was derivative of the name of Douglas's organization, used the same marks and colors as Douglas's organization, and operated within the same league, thereby causing confusion among consumers. Douglas asserted claims for common-law fraud, fraud by nondisclosure, tortious interference with existing and prospective contracts, breach of fiduciary duty, misappropriation of name or likeness, and negligent misrepresentation, and he requested injunctive relief.

The Coaches filed a motion to dismiss under the TCPA, alleging that Douglas's suit was based on, related to, or in response to their exercise of their right to free speech, their right to petition, or their right of association. *See id.* § 27.003(a).

3

The trial court held a hearing on the Section 27.003 motion and other matters[2] on June 17, 2019, noting at the outset that the hearing was allotted only thirty minutes. After the Coaches presented the testimony of three witnesses, the trial court asked to see the parties' counsel in the jury room. When the trial court went back on the record, the trial court denied the Coaches' motions to dismiss, appointed a mediator, and ordered the parties to mediation.[3] As the hearing went on, Douglas's counsel asked permission to offer declarations and objections in writing in order to preserve the record in case the Coaches immediately appealed the trial court's TCPA ruling. After the Coaches' counsel confirmed that they wanted to preserve their right to appeal, Douglas's counsel informed the trial court that he had filed an objection to the hearing on grounds that the TCPA motion had been untimely filed and that the hearing on the motion had been untimely set. The trial court then stated that it was "going to reconsider its ruling and recess the hearing for now." The Coaches' counsel requested clarification about whether the parties were mediating, and the trial court responded,

> The [c]ourt is going to withdraw all of its rulings. It's going to reconsider this matter after resumption of the hearing on it and we will reset -- we will reconvene this hearing at a later time to be determined by the [c]ourt and the parties.

[2]The Coaches also filed special exceptions, a plea to jurisdiction, and a motion to dismiss under Texas Rule of Civil Procedure 91a. The trial court also heard but ultimately did not rule on these matters at the June 17, 2019 hearing.

[3]That same day, the trial court signed a mediation order.

4

Thank you very much. We're in recess.

The hearing was never resumed. Instead, roughly two weeks later, the Coaches' counsel sent the trial court a letter wherein she cited Section 27.005 of the TCPA and instructed the trial court that the "**[c]ourt's ruling on [the Coaches'] TCPA motion must be filed by July 17, 2019**[,] or it is overruled by operation of law." Douglas's counsel responded in a letter of the same date, stating that the "spirit, if not the court's actual ruling, was that the hearing was *continued*. Therefore, there is no deadline at this time for the court to rule because the hearing is not concluded until [Douglas] puts on [his] rebuttal evidence." About a week later, the Coaches' counsel sent the trial court a letter wherein she did not address the continuation of the hearing and instead stated that she "did not consent to an abatement;[4] therefore, **Your Honor's ruling on [the Coaches'] TCPA motion is due by July 17, 2019.**" The trial court did not rule on the motion.

The Coaches subsequently filed a notice of appeal in which they asserted that their Section 27.003 motion had been overruled by operation of law on July 17, 2019.

---

[4]The reference to an abatement concerned a supposed off-the-record "gentleman's agreement" to abate all deadlines and discovery that the parties supposedly made during a prior temporary-injunction hearing. At the June 17, 2019 hearing, however, the trial court stated that the agreement was not put on the record and that "[i]t was made solely with the [c]ourt."

## II.  JURISDICTION

### A.  GENERAL LAW GOVERNING JURISDICTION

Generally, appellate courts have jurisdiction to review a trial court's ruling only after entry of a judgment finally disposing of the case.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory appellate jurisdiction is an exception to this general rule; it enables appellate courts to review a trial court's ruling while the case is still pending before the trial court.  *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007).  As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes the appeal.  *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000).  We strictly construe statutes authorizing appeals from interlocutory orders.  *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2005, no pet.).

Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code provides that a person may appeal from an interlocutory order of a district court that denies a motion to dismiss filed under Section 27.003.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12).  As noted above, the Coaches filed their motion to dismiss under Section 27.003.  Thus, whether we have jurisdiction over this appeal depends on whether that motion was denied.  And the answer to that question depends on whether the trial court has held the hearing on the Section 27.003 motion.

**B. THE COACHES' SECTION 27.003 MOTION WAS NOT OVERRULED BY OPERATION OF LAW BECAUSE THE TRIAL COURT CONTINUED THE HEARING AND THE COACHES NEVER SOUGHT TO RECONVENE THE HEARING.**

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). Its purpose is to identify and summarily dispose of lawsuits designed to chill First Amendment rights, not to dismiss meritorious lawsuits. *Id.* at 589 (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.002). It accomplishes this purpose by establishing a burden-shifting scheme that, if satisfied, results in a relatively expedient dismissal of lawsuits that are meritless within the meaning of the TCPA. *See id.* at 586; *see also Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *2 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.).

To initiate the TCPA's dismissal procedure, a party must file a motion to dismiss under Section 27.003 and get the motion set for hearing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). If the trial court denies the motion, then the moving party may immediately appeal the order. *See id.* § 51.014(a)(12); *Wightman-Cervantes*, 2018 WL 798163, at *3. If the trial court does not rule on the motion "in the time prescribed by Section 27.005" then "the motion is considered to have been denied by operation of law and the moving party may [immediately] appeal." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.008(a), 51.014(a)(12); *Wightman-Cervantes*, 2018 WL 798163, at *3.

7

As we have previously explained, the "time prescribed by Section 27.005" is "not later than the 30th day following the date of the hearing on the motion." *See Wightman-Cervantes*, 2018 WL 798163, at *3 (discussing Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a) and 27.008(a)). Thus, the trial court's thirty-day deadline to rule on a Section 27.003 motion to dismiss does not begin to run until "the date of the hearing on the motion." *See id.*; *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *2 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.). Consequently, a motion to dismiss under Section 27.003(a) is considered to have been overruled by operation of law only if the trial court does not rule by "the 30th day following the date of the hearing on the motion." *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a), .008(a); *Wightman-Cervantes*, 2018 WL 798163, at *3.

The question presented here is whether June 17, 2019, was "the date of the hearing on the motion" under Section 27.005(a) when the trial court commenced a hearing on the Coaches' motion that date but then recessed and continued the hearing. Douglas argues that this court lacks jurisdiction over this appeal because the hearing was not concluded and that, therefore, the trial court's time to rule on the motion was tolled. The Coaches, however, do not address or even acknowledge the trial court's recessing and continuing of the hearing in their appellants' brief. And

8

they do not address this specific jurisdictional issue in their reply brief, despite Douglas's raising it as grounds for dismissing this appeal in his appellee's brief.[5]

We agree with Douglas that the hearing was not concluded on June 17, 2019. Although the Coaches presented evidence at the hearing on that date, the parties did not argue the merits of the motion and the trial court expressed its unambiguous intent to recess the hearing and to reconvene the hearing on another date. After the Coaches presented the testimony of three witnesses, and before Douglas could present his objections to and evidence on the motion, the trial court recessed the hearing and met with the parties' counsel off the record. Immediately after going back on the record, the trial court denied the motion and ordered the parties to mediation.[6] After the parties raised issues about preserving the record for appeal and

[5]In their opening brief, as it pertains to this jurisdictional issue, the Coaches merely stated that the trial court held a hearing on their Section 27.003 motion on June 17, 2019, and that the trial "court never made a ruling. Therefore, on July 17, 2019, [their] TCPA motion was overruled by operation of law because the [trial court] had not ruled on its motion to dismiss," citing Sections 27.005 and 27.008 of the TCPA. The Coaches never address the trial court's actions in recessing and continuing the hearing until their reply brief where they, though only indirectly, acknowledge that the hearing was continued:

> Here, the trial court found good cause existed [to extend the time to file a TCPA motion, see Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b)] and held the hearing despite filing the motion more than 60 days post service. Had the court found there was no good cause, there would have been no reason to discuss *continuation of the hearing.* [Emphasis added.]

[6]Other than cross-examining the Coaches' witnesses, Douglas had not yet presented his opposition to the motion.

about whether the TCPA motion and hearing were timely, the trial court withdrew its rulings, recessed the hearing, and stated that it would reconsider the matter after the hearing was reconvened at a later time to be determined by the court and the parties.

We conclude that June 17, 2019, was not "the date of the hearing on the motion" under Section 27.005(a) because the record establishes that the trial court recessed the hearing on the Coaches' Section 27.003 motion before the hearing was concluded and intended the hearing on the motion to be reconvened on another date. *See Clinton v. Araguz*, No. 13-18-00526-CV, 2019 WL 5793127, at *4–5 (Tex. App.—Corpus Christi–Edinburg Nov. 7, 2019, pet. denied) (mem. op.) (holding that TCPA motion was not denied by operation of law thirty days after an August 9, 2018 hearing when the record established that the trial court intended to postpone the hearing); *cf. In re Neely*, No. 14-19-01018-CV, 2020 WL 1434569, at *2–4 (Tex. App.—Houston [14th Dist.] Mar. 24, 2020, orig. proceeding) (per curiam) (mem. op.) (holding that TCPA motion was overruled by operation of law thirty days after a July 19, 2019 hearing when, at that hearing, the parties argued the merits of the motion and the trial court expressed no intent to continue or reset the hearing).[7]

---

[7]In their reply brief, the Coaches cite *Avila v. Larrea* and state that in that case the appellate court held that it had jurisdiction over a TCPA interlocutory appeal where the hearing was conducted and continued by the court. 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied). But *Avila* is distinguishable because in that case, the trial court conducted a hearing on the Section 27.003 motion and then almost thirty days later, the trial court rendered an order allowing discovery on the motion and continuing the hearing. *Id.* at 652. Because the TCPA did not authorize a trial court to extend a hearing date to allow discovery at that time, the appellate court

10

After the trial court recessed and continued the hearing on June 17, 2019, it was the Coaches' burden to obtain a setting on which to reconvene the hearing. This is because a party seeking the protections of the TCPA must comply with the requirements of timely moving for dismissal and obtaining a hearing on the motion; the failure to do so results in the party's forfeiture of the statute's protections. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .004(a)-(b); *Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 426 (Tex. App.—San Antonio 2017, no pet.) (affirming trial court's denial of Section 27.003 motion because movant failed to obtain a hearing on his motion to dismiss within ninety days after the date the motion was served); *Braun*, 2017 WL 4250235, at *3 ("Because the movant has the burden of obtaining a timely setting on the motion to dismiss . . . the movant's failure to have the case set for a timely hearing results in the movant's forfeiting the TCPA's protections . . . ."); *Morin v. Law Office of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *4 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.) ("[T]he hearing-setting

---

concluded that the TCPA did not authorize the trial court to extend its deadline to rule on the motion and that, therefore, the motion was overruled by operation of law thirty days after the hearing. *Id.* at 656. Here, however, the deadline never began to run—and thus the trial court did not attempt to extend its deadline to rule under Section 27.005(a)—because the trial court recessed and continued the hearing before the hearing concluded. *See Jones v. Heslin*, 587 S.W.3d 134, 136–37 (Tex. App.—Austin 2019, no pet.) (discussing the Legislature's amendments to Section 27.004 after *Avila* and concluding that movants' Section 27.003 motion remained pending when movants filed their notice of appeal because in the course of the hearing on the motion, the trial court determined that it would allow discovery on the motion and extended the hearing date).

deadline is mandatory and [a] failure to comply with it and a failure to show good cause for that noncompliance are . . . proper [bases] for den[ying] . . . a motion to dismiss."). Nothing in the record suggests that the Coaches ever even attempted to obtain a setting in order to reconvene the hearing. Instead, they demanded a ruling from the trial court. When the trial court did not rule, the Coaches filed this notice of appeal, causing all proceedings in the trial court to be stayed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b).

The record establishes that the hearing on the Coaches' Section 27.003 motion was never concluded after the trial court recessed and continued the hearing on June 17, 2019. Thus, in effect, there was no "date of the hearing on the motion" to trigger the trial court's thirty-day deadline to rule on the Coaches' motion. *See id.* § 27.005(a). When a trial court does not hold a hearing on a Section 27.003 motion, a trial court does not fail to rule on the motion "in the time prescribed by Section 27.005." *See id.* §§ 27.005(a), .008(a); *RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *2 (Tex. App.—Texarkana Aug. 29, 2019, pet. denied) (mem. op.); *Wightman-Cervantes*, 2018 WL 798163, at *3; *Braun*, 2017 WL 4250235, at *2–4. Likewise, a trial court does not fail to rule on a Section 27.003 motion "in the time prescribed by Section 27.005" when a trial court commences but then continues and never concludes the hearing on the motion. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a), .008(a); *Clinton*, 2019 WL 5793127, at *4–5; *Jones*, 587 S.W.3d at 137. In

12

either instance, the Section 27.003 motion cannot be considered to have been denied by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a).

Because the Coaches' Section 27.003 motion was not expressly denied by the trial court or denied by operation of law, there is no appealable order and we lack jurisdiction over this appeal. *See id.* §§ 27.008(a), 51.014(a)(12).

### III. CONCLUSION

The Coaches attempt to bring an interlocutory appeal from the trial court's denial of their Section 27.003 motion. Although the trial court initially orally denied the motion at a hearing, the trial court withdrew that ruling, recessed the hearing, and ordered that the hearing be reconvened. The Coaches, however, never obtained a date on which to reconvene the hearing. Thus, the motion was not denied by operation of law. There is no appealable interlocutory order and we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: July 30, 2020

13