Opinion by: Irene Rios, Justice
The sole issue presented in this appeal is whether the trial court erred in denying a motion to dismiss filed pursuant to the Texas Citizen's Participation Act ("TCPA"). The trial court's order expressly states the motion was denied because the hearing on the motion was untimely. We affirm the trial court's order.
BACKGROUND
ATW Investments, Inc. filed the underlying lawsuit against Kenneth E. Grubbs alleging claims for attorney malpractice, breach of fiduciary duty, and violations of the Texas Uniform Trade Secrets Act. On January 17, 2017, Grubbs filed and served on ATW a motion to dismiss pursuant to the TCPA. Although a hearing was initially set on the motion for March 16, 2017, the hearing was reset several times until a fourth amended fiat set the hearing for July 19, 2017. On July 17, 2017, ATW filed a response to Grubbs's motion asserting the motion should be denied because Grubbs did not obtain a timely hearing on the motion.
At the hearing on the motion, the trial court heard the parties' arguments regarding the timing of the hearing and allowed the parties to file additional briefing. After reviewing the additional briefing, the trial court signed an order denying Grubbs's motion because the hearing was untimely. Grubbs appeals.
TCPA PROCEDURE
"[T]he Texas Citizens Participation Act or TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern." In re Lipsky , 460 S.W.3d 579, 586 (Tex. 2015). Section 27.002 of the TCPA recognizes that the statute is designed to serve the following dual purpose:
... [1] to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law, and [2] at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.
TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015).
The TCPA "provides a special procedure for the expedited dismissal of" retaliatory lawsuits, see In re Lipsky , 460 S.W.3d at 586, which includes "a series of fairly tight deadlines." Morin v. Law Office of Kleinhans Gruber, PLLC , No. 03-15-00174-CV, 2015 WL 4999045, at *1 (Tex. App.-Austin Aug. 21, 2015, no pet.) (mem. op.). First, a motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). Next, a hearing on the motion "must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion" unless the trial court extends the hearing date to allow discovery in which event the hearing must occur no later than 120 days after the service of the motion. Id. at § 27.004. Finally, the trial court must rule on the motion "not later than the 30th day following the date of the hearing on the motion" or "the motion is considered to have been denied by operation of law." Id. at §§ 27.005(a), 27.008(a).
*423 STANDARD OF REVIEW
Grubbs challenges the trial court's construction of the TCPA's procedural deadlines. "Issues of statutory construction are reviewed de novo." ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 899 (Tex. 2017). "Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language." Id. (internal quotation omitted). "If the statute's language is unambiguous, we interpret the statute according to its plain meaning." Id.
DISCUSSION
Absent a trial court's extension of the hearing date to allow discovery, the plain language of section 27.004 requires a hearing on a motion to dismiss to occur within ninety days. TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a). Although it does not appear that any other court has discussed the effect of an untimely hearing on a pending motion to dismiss, courts have discussed the effect of failing to meet other procedural deadlines set forth in the TCPA.
In Morin, a law firm sued Levi Morin, a former client, for defamation after Morin expressed his dissatisfaction with the firm's services in an online review. 2015 WL 4999045, at *1. Morin filed a motion to dismiss the lawsuit pursuant to the TCPA. Id. In denying the motion, the trial court found Morin did not timely set a hearing on his motion. Id.
On appeal, the Austin court first noted the TCPA requires a motion to dismiss to be set for a hearing "not later than the sixtieth day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties." Id. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a) ). The court then noted Morin sent notice of a hearing setting seventy-four days after the motion to dismiss was served. Id. at *2. Morin asserted "the trial court should have found that he had good cause for setting the hearing more than sixty days after the motion was served" because he delayed setting the hearing while attempting to amicably resolve a discovery dispute. Id. The Austin court held the trial court did not abuse its discretion in denying Morin's claim of good cause, reasoning:
Given the tight deadlines of the TCPA process, the trial court might reasonably have determined that, however well-intentioned, attempts to resolve discovery disputes concerning claims that are no longer pending[1] and on which discovery is statutorily suspended did not provide good cause for an extension of time to set a hearing on a motion to dismiss those abandoned claims.
Id. at *3 (internal citation omitted).
The Austin court then addressed "whether Morin's failure to set the hearing timely is sufficient to support the denial of the motion to dismiss." Id. The court noted, "Setting the hearing is the second step in the dismissal process, and the TCPA dictates compliance with the time periods in mandatory terms at each step." Id. However, noting the use of the word "shall" in relation to procedural matters can be construed as directory rather than mandatory, the Austin court decided to examine "the purpose of the requirement in the context of the entire statute." Id. After examining its purpose, the Austin court concluded "the requirement that the *424 hearing be set within the specified time is mandatory," reasoning:
While there is no specific penalty set out for failure to set the hearing timely, the multiple deadlines demonstrate the legislature's intent that these motions be resolved expeditiously. While there is no express consequence for the failure to timely set and hold a hearing, the statute provides that "in no event shall the hearing occur more than 90 days after the service of the motion" absent court-ordered discovery that did not occur in this case. The court has only thirty days after the hearing in which to rule, after which the motion is denied by operation of law and is appealable. If there were no consequence for failure to comply with these deadlines, the time limits would be meaningless and the goal of ensuring expeditious resolution would be thwarted. Meaningless deadlines for setting hearings, coupled with the automatic suspension of discovery while the motion remains pending, could invite gamesmanship aimed at avoiding discovery. Viewing the TCPA as a whole, we conclude that the hearing-setting deadline is mandatory and that failure to comply with it and a failure to show good cause for that noncompliance are a proper basis for denial of a motion to dismiss.
Id. at *4 (internal citations omitted).
In reaching its conclusion, the Austin court also noted that even if Morin had shown good cause for failing to timely set the hearing, the effect would be unclear "because the hearing was not held within the ninety-day period that a good-cause extension warrants." Id. at *2 n.3. Because "the trial court did not make any finding regarding the fact that the hearing on the merits occurred more than ninety days after the motion was served," the Austin court did not further address the ninety-day procedural requirement. Id.
Similarly, in Braun v. Gordon , No. 05-17-00176-CV, 2017 WL 4250235, at *1 (Tex. App.-Dallas Sept. 26, 2017, no pet.) (mem. op.), Molly Braun sought to appeal the "denial" of her motion to dismiss under the TCPA. The Dallas court first addressed whether it had jurisdiction to consider the appeal because "[t]he trial court did not hold a hearing on Braun's motion to dismiss and did not expressly rule on the motion." Id.
The Dallas court first noted, "A defendant seeking the TCPA's protections must comply with the requirements of timely moving for dismissal and obtaining a hearing on the motion for dismissal." Id. "If the defendant complies with these requirements and the trial court denies the motion to dismiss, the defendant may bring an immediate appeal of the order." Id. Similarly, if the defendant complies with the requirements but the trial court fails to rule on the motion to dismiss within thirty days after the hearing, the motion is denied by operation of law, and the defendant again has the right to an immediate appeal. Id.
In Braun , however, the motion to dismiss was not set for hearing until almost two months after the deadline for holding the hearing, and the trial court never expressly ruled on the motion. Id. at *2. In response to the Dallas court's jurisdictional concern, Braun acknowledged the court lacked jurisdiction under a literal construction of the statute; however, Braun asserted a literal interpretation would have an absurd result and asked the court to "read a provision into the statute that the motion is denied by operation of law if the trial court does not hold a hearing within the required time." Id. The Dallas court disagreed that the trial court's failure to hold a hearing on the motion which bars the trial *425 court from ruling on the motion is an absurd result, reasoning:
The statute requires a defendant seeking its protections to move for dismissal and obtain a hearing on the motion within certain clearly defined periods. The failure to meet these requirements results in the defendant forfeiting the statute's protections. This result is consistent with the TCPA's second purpose, to "protect the rights of a person to file meritorious lawsuits for demonstrable injury." If the defendant fails in its responsibility to obtain a timely hearing on the motion to dismiss, then the case can proceed to trial on the plaintiff's claims without the delay of an interlocutory appeal.
Id. at *3 (internal citations omitted). The Dallas court concluded that a movant's failure to meet the statutory burden of obtaining a timely hearing on its motion should result "in the movant forfeiting the TCPA's protections, and the case should continue as if the motion to dismiss was never filed." Id.
Similar to the argument made in Braun , Grubbs also argues a literal interpretation of the statute would lead to an absurd result because the hearing was postponed in this case to allow the parties to mediate. We disagree. Requiring a defendant seeking to invoke the protections of the TCPA to be mindful of the statutory deadlines established by the legislature in making decisions to postpone a hearing on the defendant's motion to dismiss is not absurd. As the Dallas court noted, the legislature enacted the procedural requirements to further the second stated purpose of the statute, namely to "protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.
Grubbs further argues that penalizing him for the untimeliness of the hearing violates the parties' freedom to contract because ATW agreed to the resets. The record, however, contains no agreement by ATW referring to the 90-day deadline or agreeing to extend that deadline. Cf. Spectrum Healthcare Res., Inc. v. McDaniel , 306 S.W.3d 249, 254 (Tex. 2010) (holding "when parties use an agreed order to extend the section 74.351 threshold expert report deadline, the order must explicitly indicate the parties' intention to extend the deadline and reference that specific deadline;" [o]therwise, the agreed order is ineffective to extend the section 74.351 deadline"). More importantly, however, the statute itself expressly restricts agreements in this context, allowing parties to agree to set a hearing for a date later than the 60th day after the motion is served but precluding a hearing from occurring more than 90 days after the motion is served. Id. at § 27.004(a).
Finally, Grubbs argues ATW waived the requirement that the hearing occur within 90 days by failing to object. This argument, however, ignores that Grubbs had the burden to timely obtain a hearing in his efforts to invoke the TCPA's protections. It was not incumbent on ATW to ensure that Grubbs met his burden or even to inform the trial court of Grubbs's failure. Instead, Grubbs's "failure to meet [the procedural] requirements result[ed] in [his] forfeiting the statute's protections." Braun , 2017 WL 4250235, at *3 ; see also Dal. Morning News, Inc. v. Mapp , No. 05-14-00848-CV, 2015 WL 3932868, at *3 (Tex. App.-Dallas June 26, 2015, no pet.) (mem. op.) (holding "trial court is without authority to grant a motion to dismiss under the [TCPA] more than thirty days after the hearing" on the motion); Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC , 407 S.W.3d 398, 401 (Tex. App.-Houston [14th Dist.] 2013, no pet.) (holding legislature's mandatory thirty-day *426 deadline for trial court to rule on a motion after a hearing "would be meaningless if the trial court, acting sua sponte, could reverse the consequences imposed by statute for the failure to timely act").
CONCLUSION
Because Grubbs failed to obtain a hearing on his motion to dismiss within ninety days after the date the motion was served, the trial court's order denying his motion is affirmed.

The law firm nonsuited its claims approximately twenty days after Morin filed the motion to dismiss. Id. at *1.