**Affirmed and Opinion Filed January 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00469-CV**

**VERTICAL HOLDINGS, LLC AND VANGUARD FINANCIAL TRUST,**
**Appellants**
**V.**
**LOCATORX, INC., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-04237**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

In this interlocutory appeal, appellant Vertical Holdings, LLC[1] claims the trial

court erred by denying its TCPA[2] motion to dismiss appellee LocatorX, Inc.'s

---

[1] Vertical Holdings, LLC is the only entity that has presented any issue for our review. The notice of appeal and docketing statement name as appellants both of the entities identified as appellants in the case style. Those filings also indicated both entities were represented by joint counsel. Only Vertical Holdings, LLC filed an opening brief. In it, only two parties to the order being appealed from are identified—Vertical Holdings, LLC and LocatorX, Inc. That brief also affirmatively stated Vanguard Financial Trust "filed no TCPA motion and is not a party to this appeal." We reach no issue regarding any claims asserted by or against Vanguard Financial Trust.

[2] "TCPA" refers to the Texas Citizens Participation Act, which is embodied in Chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The legislature amended the TCPA effective September 1, 2019, for actions filed on or after that date, as this action was. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. All citations to the TCPA are to the current version unless otherwise indicated.

counterclaims for breach of contract, fraudulent inducement, and statutory fraud. We affirm.

## BACKGROUND

The underlying lawsuit involves a dispute regarding a subscription agreement. Vertical Holdings asserted certain claims against LocatorX, and Vanguard Financial Trust later joined the suit, asserting the same claims against LocatorX. Vertical Holdings and Vanguard later nonsuited these claims and refiled them in a federal court lawsuit. The federal court dismissed that case without prejudice.[3]

Meanwhile, on July 23, 2020, and before the nonsuit in state court, LocatorX filed counterclaims against Vertical Holdings for breach of contract, fraudulent inducement, statutory fraud, and attorneys' fees. LocatorX amended its counterclaims three times—once before Vertical Holdings's TCPA motion was filed, and twice after—and asserted the same causes of action against Vertical Holdings in each. In its third amended counterclaim, LocatorX also added a cause of action against Vertical Holdings and Vanguard Financial Trust for declaratory judgment and attorneys' fees under the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.001–.011.

Vertical Holdings filed and served its TCPA motion on August 6, 2020, roughly two weeks after LocatorX filed its original and first amended counterclaims.

---

[3] *See Vertical Holdings, LLC v. LocatorX, Inc.*, Civil Action No. 3:20-CV-2770-N, 2021 WL 268822, at *4 (N.D. Tex. Jan. 27, 2021).

The TCPA motion specifically referred to and sought to dismiss the claims asserted in LocatorX's July 24, 2020 first amended counterclaim, which included counterclaims against Vertical Holdings for breach of contract, fraudulent inducement, and statutory fraud but did not yet include any claim for declaratory relief.[4]

The next day, Vertical Holdings filed and served a notice of hearing stating that a hearing on its TCPA motion to dismiss was set for October 5, 2020. This date was sixty days after its TCPA motion was filed and served.

No hearing occurred on that date. While the record does not reveal why the trial court did so, the record reflects that the trial court, not the parties, requested the cancellation. An October 5, 2020 docket entry states:

> *CANCELED* **Motion -Dismiss** (9:30 AM) (Judicial Officer: WILLIAMS, STACI)
> *REQUESTED BY JUDGE*
> ****ZOOM HEARING*** PL (VERTICAL) MTN DISMISS DF CTR-CLMS FILED 08/06/20 . . . .*

Months passed.

The parties continued to litigate in state and federal court.

On April 2, 2021, roughly six months after the initial setting, Vertical Holdings filed and served an amended notice of hearing regarding its TCPA motion. That notice stated that on May 26, 2021, the trial court would hear "Vertical

---

[4] *See* TEX. BUS. & COM. CODE § 27.01. The parties agree the declaratory judgment counterclaim is not at issue in this appeal.

–3–

Holdings, LLC's and Vanguard Financial Trust's . . . TCPA Motion to Dismiss Defendant LocatorX, Inc.'s Counterclaims, which was filed on August 6, 2020."[5]

On May 24, 2021, the parties filed a stipulation noting an agreement to hear the TCPA motion and other motions two days later. The court heard the TCPA motion on May 26, 2021—293 days after Vertical Holdings's TCPA motion was served. The record reflects no discussion of the timing of the hearing by the parties or trial court.

On June 2, 2021, seven days after the hearing, the trial court denied Vertical Holdings's motion in a written order that stated, in part:

> Before the Court is Plaintiff Vertical Holdings, LLC's ("Vertical") August 6, 2020 Motion to Dismiss Defendant's Counterclaim pursuant to the [TCPA].
>
> . . . .
>
> Here, Vertical fails to demonstrate by a preponderance of the evidence that LocatorX's counterclaims for breach of contract, common law fraudulent inducement, statutory fraud, and attorneys' fees under the Declaratory Judgments Act are "based on or in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003. To the contrary, LocatorX's claims are based on the parties' pre-contractual representations and warranties and the parties' obligations under their Subscription Agreement. Further, even if the TCPA applied to LocatorX's claims, which it does not, LocatorX has made a *prima facie* showing of the essential elements of its claims by clear and specific evidence, as is required to avoid dismissal under the TCPA.

---

[5] Despite the quoted language, Vanguard Financial Trust was not a party in the case at the time of the TCPA motion. In Vertical Holdings's principal brief, it states, "Vanguard Financial Trust later joined the case . . . as a plaintiff [but] filed no TCPA motion and is not a party to this appeal."

–4–

Accordingly, having considered the Motion, all related briefing, and the parties' oral arguments, Plaintiffs' Motion to Dismiss is hereby **DENIED**.

## ANALYSIS

A person may appeal from an interlocutory order that denies a TCPA motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12); *In re Lipsky*, 460 S.W.3d 579, 585 n.2 (Tex. 2015); *In re Herbert*, No. 05-19-01126-CV, 2019 WL 4509222, at *1 (Tex. App.—Dallas Sept. 19, 2019, orig. proceeding) (mem. op.).[6]

Vertical Holdings does so here, arguing in it its sole issue that the trial court erred by denying its TCPA motion.[7]

### *Standard of Review*

We review de novo a trial court's ruling on a TCPA motion to dismiss, and in conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *In re C.T.H.*, 617 S.W.3d 57, 61 (Tex. App.—Dallas 2020, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE § 27.006(a) ("court shall

---

[6] *In re Herbert*, a mandamus proceeding, we stated:

> The movant has a statutory right to an interlocutory appeal from a trial court order denying a TCPA motion—if the trial court holds that hearing and either affirmatively denies the motion or allows it to be denied by operation of law by not timely ruling on it. But, courts of appeals lack jurisdiction over an appeal involving that motion if the trial court refuses to hold a timely hearing despite the movant's reasonable requests to the trial court for that hearing.

[7] Vertical Holdings states that this issue includes two subsidiary issues: (1) whether the trial court erred in finding LocatorX's counterclaims did not implicate Vertical Holdings's right to petition, and (2) whether the trial court erred in finding that LocatorX put forth clear and specific evidence for each element of each cause of action alleged in its counterclaims.

consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based").

*TCPA Generally*

The TCPA "protects citizens . . . from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *Forget About It, Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 63–64 (Tex. App.—Dallas 2019, pet. denied). The TCPA's stated purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *see also ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam).

To effectuate the statute's purpose, the legislature has provided a procedure to expedite dismissing claims brought to intimidate or to silence a defendant's exercise of the rights protected by the statute. *Coleman*, 512 S.W.3d at 898; *see also* TCPA §§ 27.003(a), 27.005(b); *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).

The TCPA provides deadlines for this expedited procedure. *See Lipsky*, 460 S.W.3d at 589 (to accomplish its purpose "to identify and summarily dispose of

lawsuits designed only to chill First Amendment rights," the TCPA "endorses a summary process, requiring judicial review of the pleadings and limited evidence, typically within 150 days following service").

One such deadline governs the filing of the TCPA motion. The TCPA states, "A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(b). Another deadline governs the court's ruling after a TCPA hearing concludes. Specifically, the trial court "must rule on a motion under Section 27.003 not later than the 30th day following the date the hearing on the motion concludes." *Id*. § 27.005(a). If the court fails to do so, "the motion is considered to have been denied by operation of law and the moving party may appeal." *Id*. § 27.008(a).

Yet other deadlines govern the setting and hearing of the TCPA motion. *See* TEX. CIV. PRAC. & REM. CODE § 27.004(a)–(c). Under section 27.004(a), a hearing:

> *must be set not later than the 60th day after the date of service* of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, *but in no event shall the [TCPA] hearing occur more than 90 days after service of the [TCPA] motion . . . except as provided by Subsection (c).*

*Id*. § 27.004(a) (emphasis added). Section 27.004(b) provides:

> In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, *but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).*

*Id*. § 27.004(b) (emphasis added). Finally, section 27.004(c) states:

–7–

> If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, *but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003.*

*Id*. § 27.004(c) (emphasis added).

TCPA motions do not live on indefinitely. *Breitling Oil & Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05-14-00299-CV, 2015 WL 1519667, at *5 (Tex. App.—Dallas Apr. 1, 2015, pet. denied) (mem. op.) (party's contention that the practical effect of its opponent's argument would be that a TCPA motion lives on indefinitely "is refuted by the plain language of chapter 27, which contains specific time limits for when a motion to dismiss must be heard and ruled on").

In prior cases, we have described the consequences of an untimely hearing, stating that, "[a]bsent a timely hearing, [a TCPA movant] forfeit[s] its motion" and that a trial court should deny the TCPA motion in its entirety. *Woods Cap. Enterps., LLC v. DXC Tech. Servs. LLC*, No. 05-19-00380-CV, 2020 WL 4344912, at *5 (Tex. App.—Dallas July 29, 2020, no pet.) (mem. op.).

We stated:

> [T]he party seeking to avail itself of the [TCPA's] protections must move for dismissal and obtain a hearing on the motion within clearly defined periods. . . . The failure to meet these requirements results in the defendant's forfeiting the statute's protections, and the case should continue as if the motion to dismiss were never filed.

*Id.* at *3 (internal citations omitted). And, in *Herbert*, we stated a TCPA movant "forfeits TCPA relief, including a right to an interlocutory appeal, if a timely hearing is not held." 2019 WL 4509222, at *1.

–8–

*Application*

In this case, the TCPA hearing occurred 293 days after the TCPA motion was served—173 days after the latest of all possible deadlines in section 27.004. *See* TEX. CIV. PRAC. & REM. CODE § 27.004.

In their initial briefing, the parties focused on substantive arguments regarding the parties' respective burdens under section 27.005(b) and (c), not the timing of the TCPA hearing under section 27.004.

In its sole issue, Vertical Holdings argues, in effect, that we should reverse the trial court's order based on its substantive arguments regarding TCPA section 27.005(b) and (c). As our prior cases make clear, however, Vertical Holdings forfeited its TCPA motion by failing to obtain a timely hearing under section 27.004.

When questioned at oral argument about the timing of the TCPA hearing, Vertical Holdings's counsel referred to the original October 5, 2020 setting, to the fact that the trial court, not Vertical Holdings, canceled the hearing, and to the COVID-19 pandemic. Generally, Vertical Holdings argued that, by no fault of its own, it was unable to obtain a timely hearing and obtained a hearing as quickly as the trial court allowed it to.

In response, LocatorX's counsel disputed Vertical Holdings's statements regarding the COVID-19 pandemic and maintained the delay was caused by Vertical Holdings's decision to nonsuit its claims and file federal court litigation.

We asked for record citations to support counsel's arguments as to the hearing's timing, and counsel agreed to and did provide post-submission letter briefs. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.").

After reviewing the parties' initial and post-submission briefs, we find no information in the record to support Vertical Holdings's suggestion that the hearing delay was caused by the COVID-19 pandemic. We also find no information in the record to suggest the trial court canceled the October 5, 2020 hearing or suspended any TCPA deadlines as a result of any of the supreme court's pandemic-related emergency orders.[8]

Notably missing from the record is any information about the trial court's docket conditions on or near October 5, 2020, the date of the original hearing setting. Also missing is any information showing good cause to reset the hearing, an agreement between the parties to reset the hearing within section 27.004's deadlines, an extension to allow discovery under TCPA section 27.006(b), or any other efforts by Vertical Holdings to have the motion heard within section 27.004's deadlines.

---

[8] Thus, the case is distinguishable from *CBS Stations Grp. of Texas, LLC v. Burns*, No. 05-20-00700-CV, 2020 WL 7065827, at *2 (Tex. App.—Dallas Dec. 3, 2020), in which we concluded the trial court acted within its discretion to continue the TCPA hearing under one of those emergency orders. *CBS Stations* is also distinguishable because the trial court had not yet heard and ruled on the TCPA motion. *See id.* (dismissing appeal because TCPA motion remained pending in trial court and there was no order to support interlocutory appeal).

Based on the record before us, we conclude that, because the TCPA hearing was untimely under section 27.004,[9] Vertical Holdings forfeited its TCPA motion, and the trial court did not err by denying it. *See In re C.T.H.*, 617 S.W.3d at 61 (concluding, in part, that trial court did not err in denying TCPA movant's supplemental motion to dismiss that was not heard within section 27.004(a)'s sixty day deadline); *Woods Cap. Enterps.,* 2020 WL 4344912, at *5, *8 (reversing order granting TCPA motion and that awarded attorneys' fees and costs to movant when TCPA hearing was untimely); *Walker v. Pegasus Eventing, LLC*, No. 05-19-00252-CV, 2020 WL 3248476, at *8 (Tex. App.—Dallas June 16, 2020, pet. denied) (mem. op.) (concluding, when TCPA hearing was untimely, district court should have proceeded as if the motion had never been filed and should have either refused to hold a hearing on the motion, or, if it held such a hearing, should have denied the motion in its entirety); *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.) (stating "movant has the burden of obtaining a timely setting on the motion to dismiss," and explaining movant's failure to do so "results in the movant forfeiting the TCPA's protections, and the case should continue as if the motion to dismiss was never filed").

Although LocatorX did not raise any issue in the trial court regarding the hearing's untimeliness, this fact is of no consequence to our analysis. *See Grubbs v.*

---

[9] *See* TEX. CIV. PRAC. & REM. CODE § 27.004(a)–(c).

*ATW Invs., Inc.*, 544 S.W.3d 421, 422 (Tex. App.—San Antonio Dec. 20, 2017, no pet.) (rejecting movant's waiver argument regarding non-movant's failure to object and affirming order denying TCPA motion based on hearing's untimeliness). In rejecting the movant's waiver argument, our sister court stated:

> This argument, however, ignores that [the TCPA movant] had the burden to timely obtain a hearing in his efforts to invoke the TCPA's protections. It was not incumbent upon [the non-movant] to ensure that [the movant] met his burden or even to inform the trial court of [the movant's] failure. Instead, [the movant's] 'failure to meet [the procedural] requirements result[ed] in [his] forfeiting the statute's protections.'

*Grubbs*, 544 S.W.3d at 422 (citing *Braun*, 2017 WL 4250235, at *3) (other citations omitted). We agree with that analysis.

The record in this case contains no information to suggest that when the trial court canceled the October 5, 2020 hearing, Vertical Holdings made any effort to have the hearing reset within section 27.004's deadlines. Such efforts could have included, but are not limited to, filing a petition for writ of mandamus as the TCPA movant did in *Herbert*. *See Herbert*, 2019 WL 4509222, at *1.

In that case, we held that (1) the trial court lacked "discretion to deny a TCPA movant's reasonable requests for a timely hearing and set the motion for hearing after the last possible date that the TCPA permits" and (2) the TCPA movant lacked an adequate remedy by appeal "because he forfeits TCPA relief, including a right to an interlocutory appeal, if a timely hearing is not held." *Id.* We did so based on a record that showed the movant acted with reasonable diligence to obtain a timely

–12–

hearing and that the trial court refused to schedule a timely hearing on the motion. *Id.* Based on that record, we granted mandamus relief and ordered the trial court to conduct a timely hearing of the TCPA motion. *Id.*

*Herbert* is distinguishable, both because this is not a mandamus proceeding and because of the differences in the record before us. Unlike the record there, the record of any efforts by Vertical Holdings to obtain a timely hearing is virtually non-existent.

Finally, even if we were to assume the trial court's TCPA analysis was erroneous, as Vertical Holdings argues, the reversal Vertical Holdings seeks is not available in this context, as the trial court's alleged error did not result in any harm. *See* TEX. R. APP. P. 44.1(a) (standard for reversible error); *Woods Cap. Enterps.*, 2020 WL 4344912, at \*5 (failure to meet section 27.004's timely hearing requirements results in movant's forfeiting TCPA's protections, and case should continue as if motion to dismiss were never filed); *Herbert*, 2019 WL 4509222, at \*1 (movant "forfeits TCPA relief, including a right to an interlocutory appeal, if a timely hearing is not held.").

## CONCLUSION

We overrule Vertical Holdings's issue and affirm the trial court's June 2, 2021 order.

/Ken Molberg/

KEN MOLBERG

JUSTICE

210469f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VERTICAL HOLDINGS, LLC AND
VANGUARD FINANCIAL TRUST,
Appellants

No. 05-21-00469-CV      V.

LOCATORX, INC., Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-04237.
Opinion delivered by Justice
Molberg. Justices Nowell and
Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's June 2, 2021 order is **AFFIRMED**.

It is **ORDERED** that appellee LOCATORX, INC. recover its costs of this appeal from appellant VERTICAL HOLDINGS, LLC.

Judgment entered this 14th day of January, 2022.