

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01089-CV

Daniel **KEARNS**,
Appellant

v.

**RON HELLER & BUSINESS AIR INC.**,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI14065
Honorable Nadine Melissa Nieto, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Irene Rios, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: July 17, 2024

AFFIRMED

Appellant Daniel Kearns appeals the trial court's denial of his motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"). On appeal, Kearns asserts (1) the trial court erred in denying his TCPA motion to dismiss; (2) appellees Ron Heller and Business Air, Inc. ("Business Air") failed to timely file and serve their response to Kearns's motion; and (3) appellees failed to carry their burden of proof to establish a prima facie case as to their claims. We affirm.

BACKGROUND

On July 17, 2023, Heller and Business Air filed an original petition against Kearns seeking a declaratory judgment following disputes surrounding the purchase and management of Business Air. The petition alleged that following Heller's purchase of Business Air, Kearns failed to deliver on promises of business opportunities, failed to create a legitimate agreement of a business partnership, and that Kearns fraudulently held himself out as CEO of Business Air with authority to act on the company's behalf.

On September 13, 2023, Kearns filed a motion to dismiss under the TCPA, alleging the lawsuit seeks to silence Kearns's right to free speech with the Federal Aviation Administration regarding Business Air's certification process transitioning from a cargo company to an airline chartering service.

On November 17, 2023, the trial court heard the motion. The trial court did not rule on Kearns's TCPA motion to dismiss before the thirty-day statutory deadline, causing Kearns's motion to dismiss to be denied by operation of the law. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.005, .008(a). This appeal followed.

APPLICABLE LAW AND STANDARD OF REVIEW

The Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. Under the TCPA, a party may file a motion to dismiss a legal action if the "legal action is based on or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association . . . ." *Id.* § 27.003(a). The TCPA provides a vehicle to expedite the dismissal of

retaliatory lawsuits through the enforcement of a series of "fairly tight" deadlines. *Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 422 (Tex. App.—San Antonio 2017, no pet.).

First, a motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(b). Next, the movant generally must set a hearing on their motion "[no] later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties." *Id*. § 27.004(a). However, a movant's hearing may not occur more than 90 days after service of the motion unless the trial court allows specific and limited discovery relevant to the motion upon a showing of good cause. *Id*. §§ 27.004(b)–(c), .006(b). If a trial court extends the hearing date to allow discovery, "in no event shall the hearing occur more than 120 days after the service of the motion." *Id*. § 27.004(c). If a trial court fails to rule on the motion within 30 days following the date of the hearing, "the motion is considered to have been denied by operation of the law." *Id*. §§ 27.005(a), .008(a).

"The trial judge is afforded wide discretion when deciding whether a movant has demonstrated an exception to the TCPA's sixty-day requirement, and we review the judge's decision on that matter for an abuse of discretion." *Simmons v. Taylor*, 651 S.W.3d 499, 504 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

## ANALYSIS

On September 13, 2023, Kearns filed and served his motion to dismiss. Therefore, absent a statutory exception, Kearns motion was required to be set by November 13, 2023—the first business day following the 60th day after the date of service. *Id.* § 27.004(a); TEX. R. CIV. P. 4 (computation of time for deadlines falling on Sunday). Kearns set his hearing for November 17, 2023—four days after expiration of the statutorily-mandated period. Consequently, unless Kearns

established an exception to the sixty-day setting requirement, the trial court did not abuse its discretion in denying the motion to dismiss.

Kearns did not establish any of the three statutory exceptions for setting its hearing outside the sixty-day period: The parties did not agree to a later setting. Nor did Kearns argue or establish the setting was delayed due to the trial court's docket conditions.

Nevertheless, Kearns argues in his reply brief he had good cause for delaying the hearing until November 17th because it was necessary to "provide written notice of the date and time of the hearing . . . not later than 21 days before the date of the hearing." TEX. CIV. PRAC. & REM. CODE § 27.003(d). However, we reject this argument because Kearns did not establish either in the trial court or in his opening brief why he could not provide twenty-one-days' notice before the end of the sixty-day deadline. Good cause is established "by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005). Without supporting evidence justifying good cause for the extension, his failure to timely give the statutorily required notice does not by itself constitute good cause. *See id*.

Kearns additionally argues that Heller waived the requirement that the hearing occur within sixty days by failing to object in the trial court. This argument, however, ignores that Kearns bore the burden of obtaining his hearing in a timely manner in his efforts to invoke the TCPA's protections and bore the burden to establish good cause or another statutory exception in the trial court. *See Grubbs*, 544 S.W.3d at 425; *Simmons*, 651 S.W.3d at 505–06. As appellant, Kearns also bore the burden to raise the issue on appeal in his opening brief as an independent basis for the trial court's denial of his motion—he did not. "It was not incumbent on [appellees] to ensure that [Kearns] met his burden or even to inform the trial court of [Kearns]'s failure." *Grubbs*, 544 S.W.3d at 425. Instead, Kearns's failure to meet the procedural requirements of the TCPA resulted

in his forfeiting of the statute's protections. *Id*. The failure to timely set a hearing on his motion to dismiss is sufficient to support a denial. *Id.*; *see also Morin v. Law Office of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at *3 (Tex. App.—Austin Aug. 21, 2015, no pet.). When viewing the TCPA as a whole, "the hearing-setting deadline is mandatory . . . and a failure to show good cause for that noncompliance [is] a proper basis for denial of a motion to dismiss." *Grubbs*, 544 S.W.3d at 424; *Morin*, 2015 WL 4999045, at *4.

Because Kearns did not timely set his TCPA motion to dismiss, did not establish a statutory exception, and the trial court could have denied the motion on that basis, we conclude the trial court did not abuse its discretion. *See Simmons*, 651 S.W.3d at 596. We need not address Kearns's remaining arguments because they concern the merits of the motion. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's denial of Kearns's motion to dismiss. All pending motions are denied as moot.

Lori I. Valenzuela, Justice