

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00127-CV

**KP-SA MANAGEMENT, LLC** and Thang "Kido" Pham,
Appellants

v.

**M & M ORTHODONTICS, PA** and U Too Dental, PLLC,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI00435
Honorable Lisa Jarrett, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Irene Rios, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: July 23, 2025

AFFIRMED

Appellants KP-SA Management, LLC and Thang "Kido" Pham (collectively referred to as "KP-SA" unless otherwise referred to individually) appeal from the trial court's order denying their motion to dismiss certain claims of appellees M&M Orthodontics, PA and U Too Dental, PLLC (collectively referred to as "M&M") pursuant to the Texas Citizens Participation Act ("TCPA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011. A motion to dismiss under the TCPA "must be filed not later than the 60th day after the date of service of the legal action."

*See id*. § 27.003(b). We hold KP-SA's TCPA motion to dismiss was untimely and affirm the trial court's order.

## BACKGROUND

M&M owned and operated various dental and orthodontic practices at multiple locations in and around Bexar County. In late September 2016, KP-SA entered into an asset purchase agreement to buy M&M's business assets at six locations for $3,500,000. Appellant Kido Pham, the sole owner and manager of KP-SA, personally guaranteed the purchase agreement. He also simultaneously executed a security agreement providing as collateral for the purchase agreement assets belonging to KP-SA and the assets of another related entity owned by Kido Pham. During the next several years, the parties executed several modifications to the purchase agreement. Additionally, Lynh Thy Pham, Kido Pham's ex-wife, a dentist, and co-owner of other businesses owned by Kido Pham, went into business with Kido Pham and KP-SA working at and operating the businesses KP-SA purchased from M&M.

According to M&M, KP-SA has not made any payments since December 2021 towards the amount owed under the purchase agreement and its modifications. At the time M&M filed suit, M&M alleged that KP-SA owed at least $4,000,000. M&M asserted in subsequent amended petitions that KP-SA, Kido Pham, and Lynh Pham created separate entities for each business location and transferred assets to the separate entities to shield the collateral that originally secured the purchase agreement. As a result, M&M sued.

On January 2022, M&M sued KP-SA for breach of contract and fraud. M&M then filed their first amended petition on February 9, 2023, adding causes of action against KP-SA for possession after default, fraudulent inducement, and civil conspiracy. In this pleading, M&M also added defendants Smiley Dental, PLLC and Smiley Dental Management Company, LLC, asserting

claims against them for civil conspiracy and tortious interference with a contract.

M&M then filed its second amended petition on May 30, 2023, seeking a temporary injunction and joining Lynh Pham and the six separate business entities as defendants. M&M's second amended petition also asserted civil conspiracy, tortious interference with the existing contract, and conversion claims against the newly joined defendants. On August 22, 2023, M&M filed their third amended petition. The causes of actions and parties remained the same between M&M's second and third amended petition. Only slight variations in the wording of the alleged facts exist between the two pleadings.

On September 29, 2023, M&M filed their fourth amended petition against the same parties and alleged the same claims as M&M had pled in the second and third amended petitions. M&M's fourth amended petition only differed from the third amended petition by alleging the damages exceeded $4,500,000, not $4,000,000 as previously alleged. Otherwise, the third and fourth amended petitions are identical.

On November 7, 2023, KP-SA filed a TCPA motion to dismiss claiming M&M's fourth amended petition "added a claim for civil conspiracy against [KP-SA], as well as all other co-defendants in this action." On November 16, 2023, KP-SA filed a supplemental motion to dismiss, but the supplemental motion varied only slightly from the original motion (hereinafter the motion and supplemental motion will be referred to collectively as the "TCPA motion to dismiss"). In turn, M&M filed a response and amended response arguing KP-SA's TCPA motion to dismiss should be denied and requesting sanctions.

On January 3, 2024, the trial court held a hearing on KP-SA's TCPA motion to dismiss. On February 2, 2024, the trial court signed an order that "STRUCK" KP-SA's TCPA motion to

dismiss[1] and denied M&M's request for sanctions. After reconsidering M&M's request for sanctions, on February 5, 2024, the trial court signed an amended order vacating its prior order. The amended order still included the trial court's order to strike KP-SA's TCPA motion to dismiss but added the reasoning for its conclusion, including that the TCPA motion to dismiss was untimely. Moreover, the trial court granted M&M's request for sanctions.

On February 21, 2024, KP-SA filed their notice of interlocutory appeal pursuant to section 51.014(a)(12) of the Texas Civil Practice and Remedies Code. *See id.* 51.014(a)(12) (authorizing appeal of an order denying TCPA motion to dismiss). This appeal ensued.

## THE TEXAS CITIZENS PARTICIPATION ACT

### A. Applicable Law and Standard of Review

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. The statute "endorses a summary process" which generally terminates an offending lawsuit early in the proceeding. *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). Under the TCPA, a party may file a motion to dismiss a legal action if the "legal action is based on or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). The motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b). A "legal action," as defined by the TCPA, means "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6); *Montelongo*

---

[1] We note the order is entitled, "Order Denying [KP-SA]'s TCPA Motion to Dismiss."

*v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021).

In determining whether a legal action is subject to or should be dismissed under the TCPA, the trial court considers the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); TEX. R. CIV. P. 166a (stating evidence trial court may consider in summary judgment proceeding). We review de novo whether the parties have met their respective burdens under 27.005. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005 (providing framework for trial court's review when ruling on a TCPA motion to dismiss).

In our review under the proper standard, we are mindful that "a TCPA motion to dismiss is not a trial on the merits and is not intended to replace either a trial or the summary judgment proceeding established by the Texas Rules of Civil Procedure." *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 215 (Tex. App.—Eastland 2019, pet. denied); *see also West v. Quintanilla*, 573 S.W.3d 237, 243 n.9 (Tex. 2019) ("A finding that [nonmovant] has met his TCPA burden does not establish that his allegations are true."). Therefore, we do not resolve any disputed facts in the underlying proceeding.

B. *Appellate Jurisdiction*

M&M contends the trial court did not deny KP-SA's motion to dismiss but instead struck the motion on the basis it "was for the purpose of harassment . . . was groundless, had no basis in law or fact, and . . . violated [Texas Rule of Civil Procedure] 13, Chapter 10 of the Texas Civil Practice and Remedies Code." Thus, M&M further contends this court lacks jurisdiction to review this interlocutory order. Specifically, M&M argues the trial court struck KP-SA's TCPA motion to dismiss on January 18, 2024, before the deadline to rule expired on February 2, 2024. *See* TEX.

CIV. PRAC. & REM. CODE ANN. §§ 27.005(a) (providing court must rule on motion to dismiss not later than 30th day following hearing date on motion), 27.008(a) (providing motion is denied by operation of law if court fails to rule on motion in time prescribed by section 27.005(a)).

Section 27.003 of the TCPA authorizes the filing of a motion to dismiss. *See id.* § 27.003. Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code provides: "A person may appeal from an interlocutory order . . . that . . . denies a motion to dismiss filed under [s]ection 27.003." *Id.* 51.014(a)(12).

In an analogous case from this court, the trial court did not expressly deny the party's TCPA motion to dismiss but instead struck all of the movant's pleadings, including his TCPA motion to dismiss. *See Retzlaff v. Klein*, No. 04-16-00675-CV, 2017 WL 3270368, *2 (Tex. App.—San Antonio Aug. 2, 2017, pet. denied) (mem. op.) (citations omitted). This court concluded that the trial court's order striking the pleadings served as "the functional equivalent of an order denying [the movant's] motion to dismiss." *Id.* Recently, the Fourteenth Court of Appeals agreed that a trial court's striking of a TCPA motion to dismiss is effectively a denial of the motion. *See Moss v. Holzworth*, Nos. 14-24-00266-CV, 14-24-00365-CV; 2025 WL 1225850, *8 (Tex. App.— Houston [14th Dist.] Apr. 29, 2025, no pet.) (mem. op.). Specifically, the *Moss* court stated the "TCPA does not contemplate an avenue whereby the trial court can strike a motion to dismiss[;]" and the court further noted that if a trial court fails to rule on a TCPA motion to dismiss, the motion is considered to have been denied by operation of law and the moving party may appeal. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a). We agree. "The trial court may not strike the motion to dismiss to avoid the TCPA's statutory and appellate scheme." *See Moss*, 2025 WL 1225850, at *8.

Thus, pursuant to the TCPA's framework, we have jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(12); 27.008(a).

### C. Timeliness of TCPA Motion to Dismiss

Assuming without deciding the TCPA applies, if we agree the motion was untimely, we need not consider appellants' other arguments because a trial court does not err in denying an untimely filed TCPA motion, even a meritorious one. *See Patriot Contracting, LLC v. Mid-Main Properties, LP*, 650 S.W.3d 819, 824 (Tex. App.—Houston [14th Dist.] 2022, pet. denied).

The TCPA includes a series of "fairly tight" deadlines and may be used as a vehicle to expedite the dismissal of retaliatory lawsuits. *Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 422 (Tex. App.—San Antonio 2017, no pet.). Specifically, a motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). In this case, the dispositive issue is whether M&M's fourth amended petition asserts a new legal action, restarting the sixty-day deadline for KP-SA to file a TCPA motion to dismiss. *See Montelongo*, 622 S.W.3d at 293-94. If the fourth amended petition does not trigger a new deadline, the sixty-day deadline runs from the filing and service date of M&M's third amended petition, August 22, 2023. *Id.*

To determine whether M&M's fourth amended petition restarted the sixty-day deadline to file a dismissal motion, we must determine whether the substance of M&M's fourth amended petition asserts the same "legal action," that is, whether it asserts "the same legal claims or theories by and against the same parties and based on the same essential facts" as M&M's third amended petition. *Id.* If it does, the amended or supplemental pleading did not trigger a new sixty-day period for filing a dismissal motion. *See id.* Moreover, if M&M's amended pleading asserts the same legal action, then we need not reach any of appellants' remaining arguments as their TCPA motion

to dismiss was untimely. *See id.*; *see also Patriot Contracting*, 650 S.W.3d at 830 (holding new pleading did not add new claims or essential factual allegations; thus, TCPA motion to dismiss was untimely); *Ruff v. Ruff*, No. 05-21-00157-CV, 2022 WL 420353, at *8 (Tex. App.—Dallas Feb. 11, 2022, pet. denied) (mem. op.) (holding TCPA motion to dismiss untimely where the allegation was "in the original petition . . . and in every amendment to the petition that is in the record on appeal" and a subvariant wording of the original petition was "essentially the same claim re-alleged repeatedly over two years in the subsequent amendments to the petition").

On the other hand, if M&M pled different legal claims or theories by and against the same parties or new parties or based the legal claims or theories on different essential facts, KP-SA's TCPA motion to dismiss was timely as to the new facts or claims alleged in the fourth amended petition, and the sixty-day filing deadline restarted. *See Montelongo*, 622 S.W.3d at 293–94 (holding "to extent an amended or supplemental pleading either (1) adds a new party or parties, (2) alleges new essential facts to support previously asserted claims, or (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted, the new pleading asserts a new legal action and triggers a new sixty-day period as to those new parties, facts, or claims").

Here, in comparing the two petitions to determine whether M&M pled a new legal action in their fourth amended petition, we note the parties are the same, and M&M's legal claims, theories, and essential facts contained in the fourth amended petition are almost identical to those in M&M's third amended petition. In fact, only two variations between the two pleadings exist. First, under the breach of contract section, M&M alleges in their fourth amended petition that they have been "damaged, at least, in excess of $4,500,000;" in M&M's third amended petition they allege the damages were "at least, in excess of $4,000,000." Second, the prayer varies slightly in

the pertinent pleadings. In the fourth amended petition, M&M prays for damages "in an amount in excess of $4,500,000," which is an increase from the amount prayed for in the third amended petition wherein M&M requested damages "in an amount in excess of $4,000,000." These variations do not amount to pleading a new legal action. Rather, the pleadings contain the same claims, parties, and essential facts re-alleged in the subsequent amended petition. *See Ruff*, 2022 WL 420353, at *8.

Because M&M's fourth amended petition asserts the same "legal actions" as in their third amended petition, it did not restart the sixty-day period for filing a dismissal motion under the TCPA. *See Montelongo*, 622 S.W.3d at 293–94, 96; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). Accordingly, KP-SA's November 7, 2023 TCPA motion to dismiss was untimely as it was not filed within sixty days—by October 21, 2023—of M&M filing and serving their third amended petition.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b).

**CONCLUSION**

We affirm the trial court's order denying KP-SA's TCPA motion to dismiss.

Irene Rios, Justice

---

[2] In appellants' brief, KP-SA raises two issues contending the trial court erred in denying their TCPA motion to dismiss because (1) appellees' claims were established by a preponderance of the evidence to be based on, related to, and in response to communications between individuals who joined together to collectively express, promote, pursue, or defend common interests, thereby implicating appellants' right of association under TCPA, and (2) appellees failed to establish a prima facia case for the required elements of its causes of action against appellants by clear and specific evidence as required by the TCPA. Because we conclude KP-SA's TCPA motion to dismiss was untimely, we need not address KP-SA's two issues. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").