William F. ZIMMERMAN, III, Relator,

v.

Hon. Jo Ann OTTIS, Judge of the 130th District Court of Matagorda County, Texas, Respondent.

No. 13–96–477–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 12, 1996.

2

0 

Joseph Ann Ottis, Bay City, for respondent.

Michael T. Floreani, Mounger & Campbell, Don H. Campbell, Houston, for relator.

Hannah Kunkle, District Clerk, McKinney, A. Martin Wickliff, Jr., Wickliff & Hall, Laura Sapsowitz, Houston, real parties in interest.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

William F. Zimmerman, III, brings the present mandamus proceeding, complaining that the trial court improperly transferred to another county his lawsuit against Frito–Lay Corporation, the real party in interest, after Zimmerman nonsuited all of his claims. We grant mandamus relief.

On January 22, 1996, Zimmerman filed a wrongful discharge lawsuit against Frito–Lay in the 130th District Court of Matagorda County, Texas. Frito–Lay then filed a February 29, 1996, motion to transfer venue to Collin County, Texas, or alternately to Fort Bend County, Texas, on the ground that Matagorda County is not a county of proper venue. The trial court set Frito–Lay's motion for a May 31, 1996, hearing. However, Zimmerman filed on May 28, 1996, his motion for nonsuit on all claims, leaving no affirmative claim for relief by any party to the lawsuit.[1] The trial court ignored the nonsuit, heard the motion to transfer venue, and signed a May 31, 1996, order sustaining Frito–Lay's motion and transferring the present lawsuit to Collin County. The file was then physically transferred to Collin County on June 7, 1996, where the lawsuit

---

1. Zimmerman's counsel indicated by letter to Frito–Lay his intention to refile the underlying lawsuit in Fort Bend County following nonsuit.

remains nominally filed in the 219th District Court. Zimmerman filed the present mandamus action in this Court on September 30, 1996, claiming that the Matagorda County court had no authority to transfer venue after he filed his motion for nonsuit. We granted leave to file the present action and stayed further proceedings in the Collin County court.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Frito–Lay characterizes the present proceeding as an improper attempt to challenge a venue determination by mandamus, when the remedy by appeal is adequate.[2] However, Zimmerman does not challenge the venue determination itself, but the trial court's jurisdiction to enter any such order after notice of nonsuit.

■ In Texas, the plaintiff has an absolute right to take a nonsuit at any time before he has introduced all of his evidence. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991); *Ventura v. Banales,* 905 S.W.2d 423, 424 (Tex.App.—Corpus Christi 1995, orig. proceeding); *Rosenthal v. Ottis,* 865 S.W.2d 525, 527 (Tex.App.—Corpus Christi 1993, orig. proceeding); Tex. R.Civ.P. 162. A plaintiff's right to dismiss his suit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982); *Rosenthal,* 865 S.W.2d at 527; *Ventura,* 905 S.W.2d at 424. Accordingly, the trial court has no discretion to deny the nonsuit and is required to perform the ministerial duty of entering an order of dismissal, unless the defendant has, prior to notice of nonsuit, filed pleadings seeking some form of affirmative relief. *Greenberg,* 640 S.W.2d at 872; *Hilliard v. Bennett,* 925 S.W.2d 338, 340 (Tex.App.—Corpus Christi 1996, orig. proceeding).

■ Moreover, a trial judge's refusal to grant an order of dismissal under these circumstances may be corrected by mandamus. *See Hooks,* 808 S.W.2d at 59; *Greenberg,* 640 S.W.2d at 871; *Ventura,* 905 S.W.2d at 425. Accordingly, mandamus is a proper remedy in the present case, since the trial court's order transferring venue amounts to a refusal to acknowledge the nonsuit or to comply with its ministerial duty to dismiss.

However, Frito–Lay contends that a pending motion to transfer venue, like a pending counterclaim for affirmative relief, should allow the trial court to retain jurisdiction over the underlying proceeding and to transfer venue upon a proper showing. Otherwise, Frito–Lay argues that the plaintiff who initially files in an improper county may defeat the defendant's choice of county in the motion to transfer by nonsuiting and refiling in another county of the plaintiff's choice. *See* Tex.R.Civ.P. 86 *et seq.*

Under the old plea of privilege practice, if the plaintiff nonsuited his case while a plea of privilege was pending, the court interpreted this as an admission by the plaintiff that venue was proper in the county to which transfer was sought, and any subsequently-filed lawsuit would be transferred to that county. *See Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 756–57 (Tex.1993). The Texas Supreme Court in *Ruiz* declined to determine whether this rule continues to apply under our current rules concerning transfer of venue. *Id.* at 757. However, essentially the same rule was recently applied by the court of appeals in *GeoChem Tech Corp. v. Verseckes,* 929 S.W.2d 85, 88–90 (Tex.App.—Eastland 1996, n.w.h.), on the ground that the plaintiff's initial choice of an improper county exhausted his right to choose venue and the motion to transfer then fixed venue in the county of requested transfer.

The remedy suggested by *Ruiz* and actually applied in *GeoChem* lies with the court in which the plaintiff refiles his action, not the court of original filing. *See GeoChem,* 929 S.W.2d at 90. Frito–Lay has cited no authority for allowing the court in which the

---

**2.** The trial court's incorrect determination of a motion to transfer venue may be adequately corrected on appeal and is not ordinarily subject to a mandamus action in the appellate court. *Mauro v. Banales,* 858 S.W.2d 651, 652 (Tex.App.—Corpus Christi 1993, orig. proceeding).

action was first filed to ignore the nonsuit, anticipate a refiling of the same lawsuit elsewhere, and shortcut the process by transferring the nonsuited lawsuit to the county requested by the defendant. Neither are we inclined to create any such exception to the general rule which entitles the plaintiff to an order of dismissal immediately following notice of nonsuit.

Frito–Lay also argues that laches bars the present mandamus action in view of the four-month delay between the trial court's order of transfer and Zimmerman's filing of the mandamus action in this Court. Mandamus actions are largely controlled by equitable principles, including the principle that equity aids the diligent and not those who slumber on their rights. *Rivercenter Associates v. Rivera,* 858 S.W.2d 366 (Tex. 1993). Undue and unexplained delay in filing a mandamus action may therefore amount to such a lack of diligence in the relator's pursuit of his rights as to justify denying mandamus relief. *Id.*

In the present case, though Zimmerman has failed to explain his delay in filing the present mandamus action and may have caused Frito–Lay some hardship in its reliance on the transfer order and continued discovery attempts under the transferred lawsuit, we are not inclined to deny mandamus relief on that basis. Since mandamus relief in the present case is premised on the entry of a void order, it would not serve the interests of justice or those of the parties to invoke laches as an excuse to ignore that order, and thus to allow the parties to expend further time and effort in connection with a lawsuit that must ultimately be dismissed by the Collin County court or reversed on appeal for want of jurisdiction. This leads us to our final inquiry as to whether the present transfer order is in fact void, or merely erroneous.

This is a necessary inquiry not only to evaluate laches, but also to determine whether the Matagorda County court presently retains the power to correct its earlier failure to grant an order of dismissal. If the transfer order is void, then no legitimate transfer even occurred and the case remains pending in Matagorda County and subject to that court's orders. However, if the transfer order is merely erroneous, then the case may have been actually transferred, though incorrectly, to Collin County and is thus subject to the order of that court and reviewable through the appellate court to which the Collin County court answers.

The Texas Supreme Court has generally explained the distinction between void and erroneous orders as follows:

> Absent one of those rare circumstances that makes the judgment "void," the mere fact that an action by a court of appeals is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it "voidable" or erroneous. A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.

*Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (citations omitted).

With regard to nonsuits in particular, the Texas Supreme Court has recently concluded that the trial court's plenary power to act in a case is not limited by the plaintiff's notice of nonsuit but extends thirty days beyond the date on which the trial court signs an order of dismissal. *Scott & White Memorial Hospital v. Schexnider,* 39 Tex. Sup.Ct.J. 1077, 1078 (August 16, 1996). Accordingly, even after notice of nonsuit, the parties may file, and the court may consider and determine, motions for sanctions during the entire period before the trial court's plenary power expires after entry of an order of dismissal. *Schexnider,* 39 Tex.Sup.Ct.J. at 1078. In addition, the Texas Supreme Court has also determined that the appellate timetable runs not from filing of nonsuit, but from the signing of the dismissal order by the trial court. *See Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495 (Tex.1995).

Nevertheless, the plenary power of the trial court to act on ancillary matters such as sanctions does not necessarily imply that the trial court retains jurisdiction to enter orders concerning the underlying claims after the plaintiff's nonsuit disposes of

all affirmative claims for relief. Jurisdiction over the underlying lawsuit depends upon justiciability, and for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought. *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994); *see also* 1 Tex.Jur.3d *Actions* § 10 (1993).

When the plaintiff nonsuits his entire case, leaving no remaining claims for affirmative relief in the lawsuit, there is no longer any real controversy between the parties, and the trial court has no jurisdiction to grant affirmative relief or continue the lawsuit in such a way as to suggest that any justiciable claims remain for determination. The lawsuit remains on the docket merely as an empty shell awaiting the final ministerial act of dismissal.

Although plenary power remains to sanction or set appellate deadlines, plenary power in this context includes only those powers that are necessary to the court's disciplinary authority over the parties before it or for the demarcation of deadlines for purposes of appeal. Extending the plenary power to the order of dismissal means that the trial court, and not one of the litigants before it, officially ends the lawsuit and closes the file. Once begun, a lawsuit is not officially and formally concluded until the trial court pronounces it concluded. Just as the parties are not free during an in-court appearance to conclude their business and walk out of court without the trial court's dismissal, so they are not free to leave the constructive presence of the court by nonsuit without an order of dismissal.

Accordingly, while the lawsuit remains nominally on the trial court's docket after nonsuit, orders concerning incidental matters like sanctions or appellate deadlines can be legitimately entered without regard to the continuing validity of the underlying lawsuit. However, these incidental orders are fundamentally different from an order transferring venue which improperly attempts to continue the nonexistent lawsuit. Unlike sanctions or appellate deadlines, a motion to transfer venue depends upon a viable affirmative claim that may be litigated in the new forum. If

there is no justiciable claim left in the lawsuit, then there is nothing left to transfer. We refuse to infer that a trial court may validly transfer only the empty shell of the case without any substantive matter to be determined by the transferee court. The trial court's attempt to transfer venue in the present case after notice of nonsuit was beyond its jurisdiction and amounted to a void order. *Cf. Newman Oil Co. v. Alkek*, 657 S.W.2d 915, 920 (Tex.App.—Corpus Christi 1983, no writ) (trial court has no jurisdiction to ignore nonsuit, and summary judgment granted thereafter would be reversed for lack of jurisdiction). We therefore conclude that the Matagorda County court presently retains plenary power over the underlying lawsuit for the limited purpose of entering an order of dismissal, as it is required to do.

We conditionally grant a writ of mandamus ordering the trial court to vacate its order transferring venue and to issue an order dismissing the underlying lawsuit in accordance with Zimmerman's motion for nonsuit. The writ will not issue, however, unless the trial court fails to comply with the opinion of this Court.