NUMBER
13-02-00158-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

                                                                                                                     


 

                             In re:  Andres Martinez,  Relator.

                                                                                                  
                   

 

                     On Relator=s
Petition for Writ of Mandamus.

                                                                                                                     


 

                                   O
P I N I O N

 

                     Before
Justices Hinojosa, Yañez, and Castillo

                                 Opinion by
Justice Hinojosa

 

In this
mandamus proceeding, relator, Andres Martinez,
complains that the trial court improperly granted the motion for new trial of
real party-in-interest, Donna Independent School District, after he nonsuited all of his claims against Donna ISD and Donna ISD
had no claim on file for affirmative relief. 
Without hearing oral argument, we conditionally grant relator=s petition for
writ of mandamus.  See Tex. R. App. P. 52.8(c).

                                                A.  Background








On November 1,
2001, Donna ISD filed an AOriginal
Petition for Declaratory Judgment, Request for Temporary Restraining Order,
Injunction, Petition for Writ of Mandamus and Request for Enforcement of
Judgment@ against
Victoria Guerra in Cause No. 37,771-A in the County Court at Law No. 1 of
Hidalgo County, Texas.  On November 9,
2001, Martinez intervened in the lawsuit and filed a counterclaim against Donna
ISD for breach of contract.  On November
20, 2001, Donna ISD nonsuited all of its claims
against Guerra, leaving only Martinez=s counterclaim
against Donna ISD pending.  On January
22, 2002, Martinez filed a notice of nonsuit as to
all of his claims against Donna ISD, and the trial court signed an order of
dismissal on January 23, 2002.  On
February 12, 2002, Donna ISD filed a motion for new trial and a counterclaim
against Martinez.  Without a hearing, the
trial court granted Donna ISD=s motion for
new trial on March 4, 2002, and set Donna ISD=s counterclaim against Martinez for a jury
trial on April 29, 2002.

On March 18,
2002, Martinez filed a petition for writ of mandamus in this Court, requesting
that we order respondent, the Honorable Rodolfo Gonzalez, presiding judge of
the County Court at Law No. 1 of Hidalgo County, Texas, to vacate his order of
March 4, 2002.  Martinez also asked that
we stay all further proceedings in Cause No. 37,771-A.  On March 21, 2002, we granted Martinez=s motion and
ordered that all proceedings in Cause No. 37,771-A be stayed until further
orders of this Court.

Despite our
stay order, Donna ISD filed a ANotice of Nonsuit@ in Cause No.
37,771-A on March 28, 2002, and respondent signed the
following order:








On March 28, 2002, Donna Independent
School District . . . filed its ANotice of Nonsuit@ as to all
claims asserted by Donna Independent School District against Andres Martinez in
this action.  Therefore, pursuant to said
notice of nonsuit, all claims and causes of action
asserted by Donna Independent School District against Andres Martinez in the
above-styled and numbered actions are HEREBY DISMISSED WITHOUT PREJUDICE.

 

All such matters pertaining to this cause
having been dismissed, the Court hereby vacates all other previous orders,
settings and notices currently pending before the Court.

 

SIGNED on this
the 28th day of March, 2002.

 

On
April 1, 2002, Donna ISD filed its response to Martinez=s petition for
writ of mandamus.  In the response, Donna
ISD informed this Court that it had nonsuited its
counterclaim against Martinez and that respondent had signed the dismissal
order.  Donna ISD asserted that since the
dismissal order disposed of all matters, Martinez=s petition for writ of mandamus was
moot.  Donna ISD attached a certified
copy of respondent=s March 28
order as an exhibit to its response.

                                 B.  Analysis

Mandamus will issue only to correct a clear abuse of discretion
or violation of a duty imposed by law when that abuse cannot be remedied by
appeal.  Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992).  In his petition for writ of mandamus,
Martinez contends that because Donna ISD had no claims for affirmative relief
pending when he nonsuited his claims against Donna
ISD on January 22, 2002, the nonsuit terminated the
litigation, and respondent abused his discretion when he granted Donna ISD=s motion for
new trial.








In Texas, the
plaintiff has an absolute right to take a nonsuit at
any time before he has introduced all of his evidence.  Hooks v. Fourth Court of Appeals, 808
S.W.2d 56, 59 (Tex. 1991); Ventura v. Banales,
905 S.W.2d 423, 424 (Tex. App.BCorpus Christi
1995, orig. proceeding); see also Tex.
R. Civ. P. 162.  A plaintiff=s right to
dismiss the suit exists from the moment a written motion is filed or an oral
motion is made in open court, unless the defendant has, prior to that time,
filed pleadings seeking affirmative relief. 
Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982); Zimmerman
v. Ottis, 941 S.W.2d 259, 261 (Tex. App.BCorpus Christi
1996, orig. proceeding).  Accordingly,
the trial court has no discretion to deny the nonsuit
and is required to perform the ministerial act of signing an order of
dismissal, unless the defendant has, prior to notice of nonsuit,
filed pleadings seeking some form of affirmative relief.  Greenberg, 640
S.W.2d at 872. 

While  we agree that Donna ISD had an
absolute right to take a nonsuit and that respondent=s March 28
order effectively renders this case moot, we strongly disapprove of the manner
in which Donna ISD showed complete disregard for this Court=s stay of the
proceedings.  When this Court stayed all
proceedings in Cause No. 37,771-A on March 21, 2002,
pursuant to Texas Rule of Appellate Procedure 52.10, the parties and respondent
were ordered to take no further action in the case until they received further
orders from this Court.  See Tex. R. App. P. 52.10.

When Donna ISD
filed its notice of nonsuit and asked respondent to
sign the order of dismissal, not only did Donna ISD violate our order, it also
caused the respondent to violate our order. 
See generally In re Reed, 901 S.W.2d 604 (Tex. App.BSan Antonio
1995, orig. proceeding) (lower court judge held in contempt for violating stay
order of higher court).  If Donna ISD
desired to nonsuit its claims, it should have asked
this Court to lift the stay, rather than circumvent our authority.








Since this
Court=s stay order
prohibited the commencement or continuation of proceedings in Cause No. 37,771-A, we hold respondent=s March 28
order is in direct violation of our order, and is, therefore, void.  Cf. Sanchez v. Hester, 911 S.W.2d 173
(Tex. App.BCorpus Christi
1995, orig. proceeding [leave denied]) (order of dismissal of cause of action
against a bankrupt defendant for want of prosecution was void because entered
during the pendency of bankruptcy stay).   

Furthermore,
since Donna ISD had no pleadings on file requesting affirmative relief when
Martinez filed his notice of nonsuit, respondent=s March 4
order, granting a new trial, is also void. 
As this Court held in Zimmerman, 

when a plaintiff nonsuits his entire case, leaving no remaining claims for
affirmative relief in the lawsuit, there is no longer any real controversy
between the parties, and the trial court has no jurisdiction to grant
affirmative relief or continue the lawsuit in such a way as to suggest that any
justiciable claims remain for determination.  The lawsuit remains on the docket merely as
an empty shell awaiting the final ministerial act of dismissal.  Although plenary power remains to sanction or
set appellate deadlines, plenary power in this context includes only those
powers that are necessary to the court=s disciplinary
authority over the parties before it or for the demarcation of deadlines for
purposes of appeal.

 

Zimmerman, 941 S.W.2d at 263. 
Accordingly, if there is no justiciable claim
left in the lawsuit, there is nothing on which to grant a new trial.  We hold the trial court=s attempt to
grant Donna ISD=s motion for
new trial after notice of nonsuit was beyond its
jurisdiction and amounted to a void order. 
See id. (citing Newman Oil Co. v. Alkek, 657 S.W.2d 915, 920 (Tex. App.BCorpus Christi
1983, no writ) (trial court has no jurisdiction to ignore nonsuit,
and summary judgment granted thereafter would be reversed for lack of
jurisdiction)).    








We conditionally
grant relator=s petition for
writ of mandamus and direct respondent to vacate his orders of March 4, 2002
(granting Donna ISD=s motion for
new trial) and March 28, 2002 (order of dismissal).  We are confident that the respondent will
comply promptly.  The writ will issue
only if that confidence proves misplaced. 


 

FEDERICO G.
HINOJOSA

Justice

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

21st
day of May, 2002.