

# NUMBER 13-23-00101-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROGER GILES

## On Petition for Writ of Mandamus.

## OPINION

**Before Chief Justice Contreras and Justices Silva and Peña
Opinion by Justice Peña[1]**

By petition for writ of mandamus, relator Roger Giles seeks to compel the trial court to vacate several orders granting motions to dismiss under the Texas Citizens Participation Act (TCPA), an anti-SLAPP statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

# I.   BACKGROUND

Giles owns real property located within a community regulated by the Hidden Valley Ranch Property Owners Association, Inc. (association), which is a private, non-profit corporation. Giles served as president of the board for the association. After he was removed from this position, Giles filed suit against numerous defendants for causes of action including defamation, retraction under Texas Civil Practice and Remedies Code § 73.055, declaratory judgment, and tortious interference with an existing contract. *See id.* § 73.055(a) (delineating the requirements for maintaining an action for defamation). Specifically, in his tenth amended petition, Giles filed suit against the association; Margie Ford, individually and/or as agent of the association; Joan Becker; Jeanne Baker; Bob Demeyer; Michael Ford, individually and/or as agent of the association; Vern Drescher; John "Jack" Tack; Bud Remington; Jim Reiland; Flo Palmer; Greg Palmer; Deborah Ford; and Jerry Schneider.[2]  Giles alleged that the defendants defamed him, causing him to be removed as president of the association, by stating that Giles wrote "hot checks," that he was banned from Walmart for theft, and that he committed malfeasance while serving as the association's president. As will be discussed more fully later in this opinion, real parties in interest Demeyer, Remington, Reiland, and the Palmers sought dismissal of Giles's claims against them based on the TCPA. After numerous hearings, the trial court granted their requests, dismissing Giles's claims against them by separate orders. The trial court further concluded that Demeyer, Remington, Reiland, and the Palmers were

---

[2] Richard Smith, a plaintiff in the suit, and defendants Becker, Baker, Michael Ford, Drescher, Tack, Deborah Ford, and Schneider are not parties to this original proceeding. We note that Demeyer's name also appears in the record as "DeMeyer."

2

entitled to recover the reasonable and necessary attorney's fees that they had expended in this matter, and subsequently scheduled a jury trial to assess the amount of attorney's fees and costs to be awarded against Giles.

This original proceeding ensued. By petition for writ of mandamus, Giles asserts that the trial court abused its discretion by granting dismissals in favor of Demeyer (issue one), Remington and Reiland (issue two), and the Palmers (issue three) because the hearings on their motions to dismiss occurred outside the statutorily imposed deadline. In his fourth issue, Giles asserts that the trial court abused its discretion by granting dismissal in favor of Demeyer, Remington, and Reiland because they failed to timely file individual motions to dismiss, and instead filed joinders in motions filed by other defendants (issue four). In connection with his request for relief, Giles also filed a motion to stay the trial court proceedings, including the jury trial on attorney's fees and costs, pending the resolution of his petition for writ of mandamus.

This Court granted Giles's motion to stay, stayed the underlying proceedings, and requested that the real parties in interest file responses to the petition for writ of mandamus. Demeyer filed a response, and Remington, Reiland, and the Palmers filed a separate response. The real parties collectively assert that: (1) Giles has an adequate remedy by appeal following a final judgment; (2) Giles is not entitled to mandamus relief given that he delayed four to seventeen months before seeking mandamus relief; and (3) the trial court did not abuse its discretion in granting their TCPA motions because they were filed, heard, and ruled on in compliance with all applicable deadlines. Remington, Reiland, and the Palmers also argue that Giles waived any objections to the timeliness of

3

the hearings and rulings by seeking a continuance of the hearings and entering a stipulation and agreement regarding the continuance. Giles filed a reply to these responses in support of his request for mandamus relief.

## II.    Mandamus

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, if a trial court issues an order when it lacks jurisdiction to do so, mandamus relief is appropriate because such an order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). In such a circumstance, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## III.    TCPA

The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the

4

rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The intention of the TCPA "is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). To achieve these purposes, the TCPA employs an "expedited procedure for the early dismissal of groundless legal actions that impinge on First Amendment rights." *Greer v. Abraham*, 489 S.W.3d 440, 442 (Tex. 2016); *see Bauta v. Mulvey*, 646 S.W.3d 347, 352 (Tex. App.— Corpus Christi–Edinburg 2022, pet. denied). "A motion to dismiss a legal action" under the TCPA "must be filed not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). This deadline may be extended by "mutual agreement" of the parties or by the trial court if there is a "showing of good cause." *Id.*; *see Saks & Co. v. Li*, 653 S.W.3d 306, 311 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Similarly, the TCPA contains strict deadlines for setting a hearing on a motion to dismiss:

(a)     A hearing on a motion under [§] 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under [§] 27.003, except as provided by Subsection (c).

(b)     In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, but in no event shall the hearing occur more than 90 days after service of the motion under [§] 27.003, except as provided by Subsection (c).

(c)     If the court allows discovery under [§] 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but

in no event shall the hearing occur more than 120 days after the service of the motion under [§] 27.003.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.004. The trial court must then rule on the motion "not later than the 30th day following the date the hearing on the motion concludes." *Id.* § 27.005(a). If the trial court fails to rule within this prescribed period, the motion is considered to have been denied by operation of law. *Id.* § 27.008(a).

## IV.    ANALYSIS

In summary, Giles asserts that the trial court erred by granting dismissal in favor of Demeyer, Remington, Reiland, and the Palmers. Giles's first three issues contend that the trial court erred in granting the dismissals because the hearings on the TCPA motions were held outside of the statutory period, and in his fourth issue, Giles asserts that Demeyer, Remington, and Reiland failed to file appropriate motions to dismiss within the statutory deadline.

## A.    Motions to Dismiss

In his fourth issue, which we take out of turn, Giles essentially argues that the pleadings filed by Demeyer, Remington, and Reiland did not comprise motions to dismiss under the TCPA. Giles thus asserts that the trial court abused its discretion in granting dismissals in favor of Demeyer, Remington, and Reiland because they "failed to timely file a motion to dismiss under the TCPA." These real parties argue otherwise.

We briefly review the relevant facts regarding the timeliness of these parties' TCPA pleadings. As stated previously, a motion to dismiss a legal action under the TCPA "must be filed not later than the 60th day after the date of service of the legal action." *Id.*

6

§ 27.003(b). This deadline may be extended by "mutual agreement" of the parties or by the trial court if there is a "showing of good cause." *Id.*

On March 11, 2021, Giles sued Demeyer, and on March 16, 2021, Demeyer was served with process. The sixtieth day after the date of service was May 15, 2021, which was a Saturday. Under Texas Rule of Civil Procedure 4, the deadline to file the motion to dismiss was thus extended to May 17, 2021. On Monday, May 17, 2021, Demeyer filed his joinder in Becker's motion to dismiss. On September 3, 2021, Demeyer filed a supplement to his motion to dismiss.

On March 4, 2022, Giles sued Remington and Reiland, and on March 11, 2022, Remington and Reiland were served with process. The sixtieth day after the date of service was May 10, 2022. On May 10, 2022, Remington and Reiland filed their joinders in Ford's motion to dismiss. On July 22, 2022, Remington and Reiland filed their supplemental motion to dismiss.

Based on the foregoing, Demeyer, Remington, and Reiland's TCPA pleadings were timely filed. *See id.* However, the ultimate gravamen of Giles's complaint in his fourth issue is that these individuals "fail[ed] to timely file their own individual [anti-SLAPP] motions" because their joinders in other defendants' TCPA motions "were not in substance [anti-SLAPP] motions."

Demeyer, Remington, and Reiland's joinders in the other defendants' TCPA motions to dismiss are substantively identical. Each of their pleadings is entitled as a joinder in a specific motion to dismiss previously timely filed under the TCPA. That is, Demeyer's joinder specified that he was joining Becker's motion to dismiss, and

7

Remington's and Reiland's joinders specified that they were joining Ford's motion to dismiss. In summary, each of the three joinders states that Demeyer, Remington, and Reiland are appearing "under Rule 58 of the Texas Rules of Civil Procedure," and that each "hereby adopts and joins in its entirety" the specified motion to dismiss. Each joinder further provides that: "This adoption and joinder is done in the interest of judicial economy and efficiency and with the desire to avoid the needless waste of paper and judicial resources. The adopted motion is incorporated fully into the pleading as if fully set forth herein." In the prayer for relief in each joinder, each individual states that he "hereby prays that this Court sustain [his] Rule 58 adoption and joinder" of the specific motion to dismiss "and have all such other relief in law or in equity, general or special, to which [he] may show [himself] to be justly entitled." *See* TEX. R. CIV. P. 58.

Texas Rule of Civil Procedure 58 allows a party to adopt another party's pleadings by reference. *See id.* In relevant part, the rule provides that "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion . . . ." *Id.*; *see Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Texas courts have recognized adoption of a co-party's motion for summary judgment as a procedurally legitimate practice."); *see also Taylor v. Cantu*, No. 01-19-00353-CV, 2020 WL 6878729, at *5 (Tex. App.—Houston [1st Dist.] Nov. 24, 2020, no pet.) (mem. op.) ("Parties routinely use Rule 58 in multiple-party lawsuits to adopt and join in the pleadings and motions of their co-parties."). To determine whether an adoption of another party's pleading is proper, we examine whether there is a community of interest and identical defenses to the claims made, or stated

8

otherwise, whether the arguments and evidence raised in the original pleading are equally applicable to those made by the party filing a joinder or adoption by reference in that pleading. *See Lockett*, 285 S.W.3d at 73.

We reject Giles's contention that the joinders filed by Demeyer, Remington, and Reiland failed to meet the foregoing standards. Here, Demeyer filed a joinder in Becker's motion to dismiss. Remington and Reiland both filed joinders in Ford's motion to dismiss. The original motions to dismiss were timely and the joinders were also timely under the timeframes set forth in the statute. Giles's claims against Demeyer, Remington, and Reiland share a community of interest and evoke the same arguments, pro and con, as do his claims against Becker and Ford. In short, Giles sued each of these defendants for defamation based on a "campaign of misinformation" by which they sought to have Giles removed as association president, and each of these defendant's pleadings sought dismissal based largely on the exercise of free speech under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *Lockett*, 285 S.W.3d at 73. Further, the joinders provided fair notice of the relief sought. *See* TEX. R. APP. P. 47(a) (requiring pleadings to "give fair notice of the claim involved"); *In re YRC Inc.*, 646 S.W.3d 805, 809–10 (Tex. 2022) (orig. proceeding) (per curiam) ("So long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy, a pleading satisfies the Rule 47(a) standard."). Accordingly, we conclude that the joinders filed by Demeyer, Remington, and Reiland in Becker's and Ford's motions to dismiss were appropriate and thus served as timely motions to dismiss under the TCPA. We overrule Giles's fourth issue.

9

**B.     Demeyer**

In his first issue, Giles asserts that the trial court abused its discretion in granting Demeyer's motion to dismiss under the TCPA and setting a jury trial on attorney's fees and costs when the hearing on the motion occurred outside the statutorily imposed deadline. Giles argues that Demeyer filed and served his joinder in Becker's motion on May 17, 2021, and the trial court allowed discovery; thus the TCPA required the trial court to hold the hearing on Demeyer's motion within 120 days after service of the joinder. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(c). Giles asserts that the 120th day after service of the joinder was September 14, 2021, yet the hearing occurred one day too late on September 15, 2021. Giles alleges that the hearing on Demeyer's motion was set for July 1, 2021, but the hearing was reset to September 9, 2021, and reset again to September 15, 2021. In response, Demeyer asserts that the trial court held its "initial hearing" on his motion to dismiss on September 9, 2021, "within the permitted time frame," and thus the hearing was timely under the TCPA.

We review the facts and law pertaining to the timeliness of the hearing on Demeyer's motion. Because the trial court allowed discovery, the TCPA authorized the trial court to extend the hearing date for Demeyer's motion; however, the TCPA explicitly states that "in no event shall the hearing occur more than 120 days after the service of the motion under [§] 27.003." *Id.* § 27.004(c). Demeyer's motion was served on May 17, 2021, and the 120th day after service was September 14, 2021. The record before the Court indicates that the trial court began its hearing on Demeyer's motion on September 9, 2021, and continued that hearing on September 15, 2021.

10

The trial court's hearing was instituted within the statutory timeframe but was not concluded within the required period. Demeyer contends that he complied with the TCPA because the hearing on his motion to dismiss was set and the hearing began before the statutory deadline, even if the hearing was not concluded within that period. Case law rejects this construction of the statute. *See Leach v. Schwartz*, 645 S.W.3d 906, 911 (Tex. App.—El Paso 2022, no pet.) ("Schwartz's construction of the statute that would allow the trial court to start a hearing within the 60, 90, or 120-day timeframes and finish it sometime later would defeat the Legislature's intent to expedite TCPA determinations.") (collecting cases); *Grubbs v. ATW Invs., Inc.*, 544 S.W.3d 421, 425 (Tex. App.—San Antonio 2017, no pet.) (refusing to allow an extension of time to hold a hearing past the statutory deadline). The TCPA requires that the hearing begin and conclude within the statutory timeframe. *See Leach*, 645 S.W.3d at 909. Thus, because the hearing on Demeyer's motion was not concluded within the period allowed by the TCPA, the trial court was not authorized to grant the motion and dismiss Giles's case. *See id.*; *Grubbs*, 544 S.W.3d at 425. We sustain Giles's first issue.

## C.    Remington and Reiland

In his second issue, Giles similarly asserts that the trial court abused its discretion in granting Remington's and Reiland's motions when the hearing on their motions occurred outside the statutorily imposed deadline. Giles asserts that the hearing concluded 171 days after service of Remington's and Reiland's joinders, yet the TCPA required that a hearing on the motions occur within ninety days after service of the motions because the trial court took judicial notice that its docket conditions required a

11

later hearing. *See* Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇм. Cᴏᴅᴇ Aɴɴ. § 27.004(b). Giles argues that the trial court held hearings on the motions on July 29, 2022; August 8, 2022; September 2, 2022; September 29, 2022; and October 28, 2022. Giles asserts that the ninety days allowed by statute to hold the hearing expired on August 8, 2022. In contrast, Remington and Reiland argue that the trial court held its "initial hearing" on their joinders on June 30, 2022; thus, the hearing was timely. Remington and Reiland further argue that Giles agreed and stipulated that he waived any issues related to the timing of the hearings.

Under the TCPA, the court may take judicial notice that the court's docket conditions required a hearing at a later date but provides that "in no event shall the hearing occur more than 90 days after service of the motion." *Id.* Remington and Reiland's joinders were served on May 10, 2022. The ninetieth day after service was August 8, 2022. The orders granting Remington's and Reiland's joinders state that the joinders were heard on July 29, 2022; August 8, 2022; September 2, 2022; September 29, 2022; and October 28, 2022. The trial court's hearing on Remington's and Reiland's motions was not completed by the statutory deadline, and thus, the hearing was untimely. *See id.* And, we have previously rejected the contention that a hearing began within the deadline but not completed complies with the statute. *See Leach*, 645 S.W.3d at 909; *Grubbs*, 544 S.W.3d at 425.

We turn our attention to Remington's and Reiland's contention that Giles waived any objection to the timeliness of the hearing by virtue of his stipulation regarding the hearing date. Remington and Reiland premise their arguments on an agreement made among the parties that was incorporated in an agreed order. Specifically, on July 29,

12

2022, the trial court signed an "Agreed Order Regarding Hearings on Defendants Margie Ford, Michael Ford, Bud Remington, Jim Reiland, Deborah Ford, and Greg and Flo Palmer's Respective Motions to Dismiss under the [TCPA]." This order states that the trial court is taking "judicial notice that [its] docket conditions require a hearing on the foregoing motion[s] at a later date." The order further discusses the various settings for hearings for these motions and provides, in relevant part:

> The Court after considering same and the agreements of counsel in open court on July 28, 2022, is of the opinion that the hearings on all pending motions to dismiss listed above will begin on the 29th day of July 2022 at 8:30 a.m., and if not completed will recess at 9:30 a.m. and will resume on the 8th day of August 2022 at 8:30 a.m. and conclude thereafter.

> It is expressly stipulated and agreed by the parties and found by the Court that this proposed hearing schedule complies in whole with the deadlines for hearing motions to dismiss under the Texas Citizens Participation Act, and each party further agrees that neither they nor their respective clients will object or seek to challenge or invalidate the proposed hearing schedule at any time, including but not limited to, on appeal. It is further stipulated and agreed by the parties and found by the Court that Plaintiff(s) and their counsel will not object to or seek to challenge or otherwise invalidate the notice provided for the hearing of these motions to dismiss. Finally, it is stipulated and agreed by the parties and their counsel that they will not seek reversal of the Court's rulings on the parties' respective motions to dismiss based in whole or in part on the timing of the hearings on said motions, when said hearings conclude, and/or when the judge signs the orders granting or dismissing said motions to dismiss.

(Internal footnote omitted). This order was signed by counsel for the parties, "AGREED AS TO FORM AND SUBSTANCE."

Remington and Reiland contend that the agreed order including the parties' stipulation excused the statutory requirement to hold the hearing within the deadline. Based on our review, the terms of the agreement do not clearly encompass hearings held *after* August 8, 2022, and the trial court's hearings on the joinders extended to September

13

2, 2022, September 29, 2022, and October 28, 2022. More importantly, however, the statute allows the parties to agree to set a hearing for a date later than the sixtieth day but not more than the ninetieth day after the motion is served. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a). The statute does not allow the parties to otherwise agree to extend the date for a hearing and "expressly" prohibits later hearing dates. *See Grubbs*, 544 S.W.3d at 425; *see generally* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a) ("in no event shall the hearing occur more than 90 days after service of the motion"); *id.* § 27.004(b) ("in no event shall the hearing occur more than 90 days after service of the motion"); *id.* § 27.004(c) ("in no event shall the hearing occur more than 120 days after the service of the motion"); *see also Woods Cap. Enters., LLC v. DXC Tech. Servs. LLC*, No. 05-19-00380-CV, 2020 WL 4344912, at *4 (Tex. App.—Dallas July 29, 2020, no pet.) (mem. op.) (rejecting the argument that the statute's deadlines can be extended by agreement other than as specified in the statute and concluding that the "invited error" doctrine does not excuse untimely hearings); *Walker v. Pegasus Eventing, LLC*, No. 05-19-00252-CV, 2020 WL 3248476, at *8 (Tex. App.—Dallas June 16, 2020, pet. denied) (mem. op.) (refusing to allow the parties to extend the TCPA deadline by agreement, other than expressly allowed, because that "would circumvent the statutory restriction that parties may not agree to an extension beyond ninety days"). Accordingly, the circumstances surrounding the agreed order do not support Remington's and Reiland's contentions that the statutory deadline did not apply or that Giles waived enforcement of the statutory deadline. We thus conclude that the trial court erred in granting Remington's and Reiland's motions. We sustain Giles's second issue.

14

**D.    Palmers**

In his third issue, Giles again asserts that the trial court abused its discretion in granting the Palmers' motion to dismiss because the hearing on the motion to dismiss occurred after the TCPA's deadline. Giles asserts that the Palmers were both served on March 11, 2022. On May 10, 2022, the Palmers filed their motion to dismiss, and on July 22, 2022, they filed a supplemental motion. Giles contends that, though the trial court concluded that docket conditions required extension of the deadline for ninety days, the ninety days elapsed on August 8, 2022. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(b). Giles asserts that the trial court held hearings on the Palmers' motion to dismiss after this deadline. The trial court's order granting the Palmers' motion states that hearings were held on July 29, 2022; August 8, 2022; September 2, 2022; September 29, 2022; and October 28, 2022.

Given that the trial court took judicial notice that its docket conditions required a later hearing, the trial court was required to hold its hearing within ninety days after service of the Palmers' motion. *See id.* The hearing was not completed by August 8, 2022, within the statutory deadline. *See Leach*, 645 S.W.3d at 909; *Grubbs*, 544 S.W.3d at 425. Accordingly, we sustain Giles's third issue.

**E.    Remedy**

Having concluded that the trial court erred in dismissing Giles's claims against Remington, Reiland, and the Palmers under the TCPA, we turn our attention to the appropriate remedy for these errors. In this regard, the real parties argue that mandamus relief is inappropriate because Giles possesses an adequate remedy by appeal following

15

the final judgment and because Giles unreasonably delayed in seeking relief by petition for writ of mandamus. In response, Giles asserts that the trial court's orders are void, and consequently, he need not show that he lacks an adequate remedy by appeal and any delay will not affect his right to relief.

Under the applicable law, if the subject orders are void, Giles need not show that he lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d at 261; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Similarly, if the subject orders are void, equitable doctrines such as delay and laches do not apply to bar mandamus relief. *See In re Timberlake*, 501 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]); *Zimmerman v. Ottis*, 941 S.W.2d 259, 262 (Tex. App.—Corpus Christi–Edinburg 1996, orig. proceeding).

Giles asserts that the trial court's orders are void because it lacked the authority to grant the motions to dismiss outside of the statutory deadline.[3] Several courts have held that orders granting motions to dismiss rendered after the thirty-day deadline to issue a ruling are void. *See Lakeway Psychiatry & Behav. Health, PLLC v. Brite*, 656 S.W.3d 621, 631 (Tex. App.—El Paso 2022, no pet.) (discussing cases); *see also Cweren v. Eureka Multifamily Grp., L.P.*, No. 01-21-00470-CV, 2023 WL 2977755, at *9 (Tex. App.—

___

[3] On a related issue regarding the interaction between a trial court's plenary jurisdiction and the TCPA deadlines, we note that the supreme court has addressed whether the TCPA prohibits a trial court from exercising its plenary power to vacate an order granting a motion to dismiss. *See In re Panchakarla*, 602 S.W.3d 536, 538–41 (Tex. 2020) (orig. proceeding) (per curiam). The supreme court held that the TCPA does not prohibit trial courts from exercising their plenary power to revisit their timely made TCPA rulings after the thirty-day statutory deadline has closed. *Id.* at 540. In so ruling, the supreme court considered that "nothing in the statutory scheme prohibits trial courts from vacating their own orders when they otherwise have plenary power to do so." *Id.* at 541.

16

Houston [1st Dist.] Apr. 18, 2023, no pet.) (mem. op.); *In re Tabletop Media, LLC*, No. 05-20-00454-CV, 2020 WL 2847272, at \*2 (Tex. App.—Dallas June 2, 2020, orig. proceeding) (mem. op.); *In re Neely*, No. 14-19-01018-CV, 2020 WL 1434569, at \*4 (Tex. App.—Houston [14th Dist.] Mar. 24, 2020, orig. proceeding) (mem. op.) (per curiam).

We apply this law to the facts of this case. For Remington, Reiland, and the Palmers, the TCPA hearing was required to have been concluded on August 8, 2022, but was not. Remington's, Reiland's, and the Palmers' orders each state that the motions to dismiss were granted by the trial court "in open court on October 28, 2022," and the orders were signed on December 2, 2022. Examining the combined effect of the statutory deadline for TCPA hearings, which must be held within the appropriate period under § 27.004, together with the statutory deadline for the trial court to rule on TCPA motions, that is, "not later than the 30th day following the date the hearing on the motion concludes," *see id.* § 27.005(a), we conclude that the structure of the TCPA requires the trial court to rule not later than the 30th day following *the latest date* that the hearing on the motions could have permissibly concluded. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a), (b), (c); *id.* § 27.005(a). Accordingly, because this deadline was not met as to Remington, Reiland and the Palmers, the orders granting those TCPA motions are void. *See Brite*, 656 S.W.3d at 631; *see also Cweren*, 2023 WL 2977755, at \*9; *In re Tabletop Media, LLC*, 2020 WL 2847272, at \*2; *In re Neely*, 2020 WL 1434569, at \*4.

For Demeyer, the TCPA hearing was required to have been held by September 14, 2021, but was not, and the trial court's order dismissing Giles's claims was signed on October 6, 2021. This was within the thirty-day period within which the trial court could

17

have permissibly ruled. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(a). Giles argues that we should apply the "same logic" as that employed by the foregoing cases to conclude that the trial court's order as to Demeyer was void. We conclude that the same analysis does not apply. When the trial court fails to rule on a TCPA motion within the required period, the motion is denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008. In each of the foregoing cases, the trial court purported to enter a ruling on a motion after the statutory deadline when the TCPA provided that, as a matter of law, a contrary ruling had already been made. *See id.*; *Brite*, 656 S.W.3d at 631; *see also Cweren*, 2023 WL 2977755, at *9; *In re Tabletop Media, LLC*, 2020 WL 2847272, at *2; *In re Neely*, 2020 WL 1434569, at *4. Thus, the trial court lacked authority to enter a ruling otherwise. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("We have described a judgment as void when 'the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" (citation omitted)).

In contrast, when the trial court fails to hold its hearing within the statutory deadline, the TCPA does not provide that the motion is denied as a matter of law. We thus believe that this situation invokes the distinction between void and voidable orders. In this regard, neither Giles nor the real parties have addressed the distinction between void and voidable orders. The supreme court has held that "a court's action contrary to a statute or statutory equivalent means the action is erroneous or 'voidable,' not that the ordinary appellate or other direct procedures to correct it may be circumvented." *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 923 (Tex. 2011) (quoting *Mapco, Inc. v. Forrest*, 795

18

S.W.2d 700, 703 (Tex.1990) (orig. proceeding) (per curiam)); *see Comm'n for Law. Discipline v. Schaefer*, 364 S.W.3d 831, 836 (Tex. 2012) (per curiam) (stating that violations of procedural rules, statutes, and constitutional requirements "generally only result in a 'voidable' or erroneous judgment" rather than a void judgment). Thus, statutory errors do not result in void orders, but instead result in "voidable" orders. *In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 162 (Tex. App.—Eastland 2022, orig. proceeding).

We conclude that the trial court's issuance of a TCPA ruling within the statutory window for issuing a ruling, but after having held an untimely hearing, is voidable, rather than void. *See Roccaforte*, 341 S.W.3d at 923. Thus, with regard to Demeyer, because the order was voidable rather than void, mandamus relief is available only if there is no adequate remedy by appeal and if there is not a delay that would preclude mandamus relief.

As we previously noted, Demeyer contends that delay defeats Giles's request for mandamus relief. In this regard, Demeyer argues that there was a seventeen-month delay between the time that the trial court signed his order of dismissal on October 6, 2021, and the filing of Giles's petition for writ of mandamus on March 7, 2023. "[A] relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding) (per curiam); *see In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). To show that delay bars mandamus relief, a litigant must ordinarily show an unreasonable delay by the opposing party in asserting its rights and also the moving party's good faith and detrimental change in position because

19

of the opposing party's delay. *In re Laibe*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding) (per curiam); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding [mand. denied]).

Demeyer has neither argued nor shown that he has suffered harm or prejudice as a result of the alleged delay. Further, based on our review of the record, discovery in the underlying case was stayed during the relevant period, and litigation has not otherwise proceeded. We conclude that under the specific circumstances present in this case, delay does not bar relief. *See In re Laibe*, 307 S.W.3d at 318; *In re Mabray*, 355 S.W.3d at 22. Accordingly, we next address the final matter necessary for the disposition of this original proceeding, that is, whether Giles possesses an adequate remedy by appeal with regard to the trial court's voidable ruling regarding Demeyer.

The TCPA authorizes appeals from denials of motions to dismiss, whether by operation of law or otherwise, but does not authorize appeals from interlocutory rulings granting motions to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008; *id.* § 51.014(a)(12); *In re Panchakarla*, 602 S.W.3d at 538 ("If the trial court timely grants the motion to dismiss, an order disposing of the entire case is appealable to the same extent as any other final judgment. But if granting the motion does not resolve the entire controversy, the order is interlocutory and unappealable unless made final by severance."). Accordingly, Giles lacks a current right to appeal, and would only be able to appeal following a jury trial on attorney's fees and costs and the rendition of a final judgment.

20

In determining whether Giles possesses an adequate remedy by appeal, we weigh the benefits of mandamus review against the detriments. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam). In this regard, we are examining the adequacy of a remedy at law in the context of a statutory scheme that inures to the benefit of "both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. Further, that statutory scheme envisions a time-driven process for the resolution of claims and specific directives allowing for immediate and "expedited" consideration of "an appeal or other writ, whether interlocutory or not," from rulings or failures to rule on TCPA motions. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b).

Here, as in *McAllen Medical Center*, we conclude that "the Legislature has already balanced most of the relevant costs and benefits for us." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 466 (Tex. 2008) (orig. proceeding) (discussing the availability of mandamus relief in connection with health care claims). That is, review by mandamus comports with the TCPA's short deadlines and expedited procedures for review. *See id.* Further, "a flexible mandamus standard means that in some circumstances 'the irreversible waste of judicial and public resources that would be required' absent mandamus relief justifies granting such relief." *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 136). While Giles could appeal from a final judgment in this case, such an appeal would occur after a jury trial on

21

attorney's fees and costs. This would be a waste of resources and add delay to the ultimate resolution of this case. *See id.*

Based on the foregoing, we conclude that an appeal after a final judgment in the case would not be adequate to address this error. Accordingly, we conclude that Giles lacks an adequate remedy by appeal as to Demeyer.

## F.   Summary

We conclude that the trial court abused its discretion by granting the motions to dismiss filed by Demery, Remington, Reiland, and the Palmers, and Giles is entitled to mandamus relief to remedy these errors.

## V.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by the real parties in interest, and the reply, is of the opinion that Giles has met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate: (1) the "First Amended Order Granting Bob Demeyer's Joinder in Defendant Joan Becker's Special Motion to Dismiss Pursuant to Texas' [Anti-SLAPP] Statute (i.e., Texas Citizens' Participation Act)"; (2) the "Order Confirming the Granting of Defendant Jim Reiland's Joinder in Defendant Margie Ford's Motion to Dismiss Under the Texas Citizens Participation Act"; (3) the "Order Confirming the Granting of Defendant Burton J. Remington's Joinder in Defendant Margie Ford's Motion to Dismiss Under the Texas Citizens Participation Act"; (4) the "Order Confirming the Granting of Defendants Flo [and] Greg Palmer's Motion to Dismiss Under the Texas

22

Citizens Participation Act"; and (5) the "Order Granting [the] Joint Expedited Motion for Trial Setting Regarding Reasonable Costs of Court and Attorney's Fees under the Texas Citizens Participation Act." Our writ will issue only if the trial court fails to comply.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
1st day of September, 2023.

23